```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                    Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                          Chapter 11
                    Debtor
-------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.                     Judge Jil Mazer-Marino

                    Plaintiff
                                                          Adv. Proc. #:_____
        -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                    Defendant
-------------------------------------------------------X
```

COMPLAINT SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT
CONVEYANCES PURSUANT TO 11 U.S.C. SECTIONS 362, 547 AND 549
AND SECTIONS 23-3-40 AND 18-2-77 AND 18-2-78 OF THE GEORGIA CODE

Plaintiff-Debtor, Acorn Real Property Acquisition, Inc., by its attorney, Richard S. Feinsilver, Esq., alleges for its complaint against Defendants, 2 Big Legacy., LLC and Christopher Flournoy, as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants, 2 Big Legacy LLC ("Defendant" or "Big Legacy") and Christopher Flournoy ("Flournoy") seeking, among other things, to avoid and recover two fraudulent conveyances of the Debtor's interest in real property.

JURISDICTION

2. On October 31, 2022, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334 and 11 U.S.C. § 362, 347 and 349 and Georgia Code § 23-3-40 and § 18-2-77.

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1408 and 1409(a).

5. This case is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O).

THE PARTIES

6. Plaintiff-Debtor, maintains its principal offices at 118 Dixon Avenue, Staten Island, New York.

7. Upon information and belief, Big Legacy is a limited liability company with offices at 4483 Lionshead Circle, Lithonia/Stonecrest, Georgia, 30038 and 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305

8. Upon information and belief, Christopher Flournoy ("Flournoy") is an individual whose last known address are 4483 Lionshead Circle, Lithonia/Stonecrest, Georgia, 30038 and 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305.. Upon information and belief, Flournoy, individually, is a member of Big Legacy.

BACKGROUND

9. Upon information and belief, on or about July 1, 2022, as security for a subordinate mortgage given by Big Legacy to Plaintiff, Big Legacy executed and delivered a quit claim deed to Plaintiff transferring its interest in real property known as and by 3571 Martin Luther King Jr Drive SW, Atlanta Georgia (the "Property") to Plaintiff.

10. Upon information and belief, as of on or about July 1, 2022, by virtue of the foregoing, Plaintiff became a creditor of Big Legacy.

11. Upon information and belief, Big Legacy granted Plaintiff the right to record the quit

claim deed upon any default by Big Legacy as to any obligation affecting the Property.

12. Upon information and belief, in anticipation of a possible default by Big Legacy to Legacy Lending, LLC, Plaintiff elected to record the above deed..

13. Upon information and belief, as a consequence of the foregoing, the quit claim deed was duly recorded by Plaintiff in the Office of the Clerk of Fulton County Georgia on July 14, 2022.

14. Upon information and belief, as a consequence of the recording of the deed, the subordinate mortgage held by Plaintiff merged into the quit claim deed recorded on July 14, 2022. Further, the Property became part of the Plaintiff's estate as of this date.

15. Upon information and belief, the merger of the mortgage into the deed was the equivalent of a satisfaction of debt and, as such, became the consideration for the quit claim deed from Big Legacy to Plaintiff.

16. Big Legacy filed a petition for protection under Chapter 11 in the United States Bankruptcy Court for the Northern District of Georgia on September 6, 2022.

17. 2 Big Legacy was not in title to the Property on September 6, 2022. Further, Big Legacy took no action in its Chapter 11 case with regard to the recording of the quit claim deed.

18. Upon information and belief, on September 9, 2022 (the "Property Transfer Date #1") Big Legacy executed a second deed entitled "Corrective Quit Claim Deed" allegedly conveying a 50% interest in the Property back to Big Legacy. ("Transfer #1") . This deed was recorded in the Office of the Clerk of Fulton County Georgia on September 9, 2022.

19. Upon information and belief, Big Legacy failed to provide Plaintiff with any consideration in exchange this alleged change in its interest in the Property.

20. The deed evidencing Transfer #1 reflected that the transfer was for no consideration.

21. Upon information and belief, Big Legacy did not disclose any of the foregoing to the Bankruptcy Court, nor did it seek any relief from the Bankruptcy Court prior to the execution of the deed in Transfer #1

22. Upon information and belief the intentional fraudulent acts of 2 Big Legacy herein amounted to tortuous interference with the Property of the Plaintiff

23. Upon information and belief, Transfer #1 diminished the assets of the Debtor's bankruptcy estate

24. Upon information and belief, on October 31 , 2022 (the "Property Transfer Date #2") Big Legacy executed a second deed entitled "Quit Claim Deed" allegedly conveying its 50% interest in the Property back to Big Legacy and Flournoy. ("Transfer #2") . This deed was recorded in the Office of the Clerk of Fulton County Georgia on October 31, 2022 at 4:00 PM, approximately four hours after the Debtor filed its Chapter 11 petition with this Court.

25. Upon information and belief, Big Legacy failed to provide Plaintiff with any consideration with respect to this transfer of an interest in the Property.

26. The deed evidencing Transfer #2 reflected that the transfer was for no consideration.

27. Upon information and belief, Transfer #2 further diminished the assets of the Debtor's bankruptcy estate.

FIRST CLAIM FOR RELIEF
UNDER SECTION 23-3-40 OF THE GEORGIA CODE
AS TO TRANSFER #1

28. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 27

of this Complaint as if set forth at length herein.

29. Section 23-3-40 of the Georgia Code provides, in relevant part, that:

"The proceeding quia timet is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged or **other iniquitous deed** or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection." (Emphasis added).

30. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy for no consideration and without the consent of Plaintiff.

31. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property.

32. The deed evidencing Transfer #1 was an **iniquitous deed** as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

33. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Section 23-3-40.

## SECOND CLAIM FOR RELIEF
UNDER SECTION 18-2-77 and 18-2-78(d) OF THE GEORGIA CODE
AS TO TRANSFER #1

34. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth at length herein

35. Section 18-2-77 of the Georgia Code provides, in relevant part, that:

"a ) In an action for relief against a transfer or obligation under this article, a creditor, subject to the limitations in Code Section 18-2-78, may obtain:
    (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
    (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by Chapter 3 of this title; and
    (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
        (A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
        (B) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
        © Any other relief the circumstances may require."

36. Section 18-2-78(d) of the Georgia Code provides, in relevant part, that:

"(d) Notwithstanding voidability of a transfer or an obligation under this article, a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:
    (1) A lien on or a right to retain any interest in the asset transferred;
    (2) Enforcement of any obligation incurred; or
    (3) A reduction in the amount of the liability on the judgment."

37. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy was for no consideration and without the consent of Plaintiff.

38. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property.

39. The deed evidencing Transfer #1 is a voidable transaction as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

40. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from

this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Sections 18-2-77 and 18-2-78.

THIRD CLAIM FOR RELIEF
UNDER 11 U.S.C. SECTIONS 547(b)(4)(A) OF THE BANKRUPTCY CODE
AS TO TRANSFER #1

41. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 40 of this Complaint as if set forth at length herein.

42. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy on September 9, 2022, 53 days prior to filing of the petition in the underlying Chapter 11 case.

43. Plaintiff did not consent to the Transfer #1 nor did they receive any consideration for such Transfer. Further, this transfer was outside of the Plaintiff's ordinary course of business.

44. The deed evidencing Transfer #1 was prepared, executed and recorded by Big Legacy was solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property.

45. 11 U.S.C. Section 347(b)(4)(A) states in part that a transfer made within 90 days of the filing of a Petition under Title 11 outside of the regular course of business without a contemporary exchange of value can be avoided by this Court.

46 The deed evidencing Transfer #1 is a voidable transaction as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

47. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to 11 U.S.C.

Section 547(b)(4)(A).

## FOURTH CLAIM FOR RELIEF
## UNDER 11 U.S.C. SECTIONS 549 AND 362 OF THE BANKRUPTCY CODE
## AS TO TRANSFER #2

48. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 47 of this Complaint as if set forth at length herein.

49. The deed evidencing Transfer #2, was executed and recorded in the Office of the Clerk of Fulton County Georgia on October 31, 2022 at 4:00 PM, approximately three (3) hours after the Debtor filed its Chapter 11 petition with this Court.

50. The deed evidencing Transfer #2 was recorded in violation of the automatic stay afforded the Plaintiff upon the filing of its petition pursuant to 11 U.S.C. Section 362.

51. Plaintiff did not consent to the Transfer #2 nor did they receive any consideration for such Transfer. Further, this transfer was outside of the Plaintiff's ordinary course of business.

52 The deed evidencing Transfer #2 was prepared, executed and recorded by Big Legacy was solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property

53. Pursuant to 11 U.S.C. Section 349, a transfer of property of the estate may be avoided after the commencement of the case and without the consent of the Court.

54 The deed evidencing Transfer #2 is a voidable transaction as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

55. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #2 pursuant to 11 U.S.C. Sections 362 and 549.

WHEREFORE, Plaintiff demands judgment as follows:

(A) As to its first cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Section 23-3-40.

(B) As to its second cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Sections 18-2-77 and 18-2-78.

[C] As to its third cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to 11 U.S.C. Section 547(b)(4)(A)

(D) As to its fourth cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #2 pursuant to 11 U.S.C. Sections 362 and 549.

together with such other and further relief that this Court deems just and proper.

Dated: December 6., 2022
      Carle Place, New York         s/Richard S. Feinsilver
                                        Richard S. Feinsilver, Esq.
                                        Attorney for Plaintiff
                                        One Old Country Road, Suite 347
                                        Carle Place, New York 11514
                                        516-873-6330