UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X

In re:                                          Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                Chapter 11

                        Debtor
--------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.           Judge Jil Mazer-Marino

                        Plaintiff
                                                Adv. Proc. #: 22-1098-jmm

        -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                        Defendant
--------------------------------X

**NOTICE OF HEARING ON FEBRUARY 15 , 2023 AT 10 AM SEEKING THE ENTRY OF AN ORDER (A) STRIKING THE ANSWER FILED BY DEFENDANT 2 BIG LEGACY LLC AND (B) ENTERING A JUDGMENT BY DEFAULT AGAINST DEFENDANT 2 BIG LEGACY LLC AS TO ALL CAUSES OF ACTION INTERPOSED BY PLAINTIFF AGAINST DEFENDANT 2 BIG LEGACY LLC**


        PLEASE TAKE NOTICE that a hearing before the Honorable Jil Mazer-Marino United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on February 15, 2023 at 10 AM on the motion filed by Plaintiff Debtor, Acorn Real Estate Acquisition, Inc., seeking Order (a) striking the answer filed by Defendant 2 Big Legacy LLC,        (b) declaring the default of Defendant 2 Big Legacy LLC in this action and [c] directing the entry of a judgment by default against Defendant 2 Big Legacy LLC as to all causes of action

interposed by Plaintiff against Defendant 2 Big Legacy LLC in this adversary proceeding, and granting such other relief as this Court deems just and proper. (the "Motion").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the motion must be in writing and filed with the Bankruptcy Court by February 8, 2023 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to Richard S. Feinsilver, Esq., One Old Country Road, Suite 347, Carle Place, New York 11514.

PLEASE TAKE FURTHER NOTICE that the hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing shall be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with ECourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have Internet access or otherwise unable to register with the eCourt Appearances, you may call or email Judge Mazer-Marino's Courtroom Deputy for instructions at 347-394-1844 or JMM_hearings@nyeb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that the hearing on the motion may be adjourned without notice other than an announcement in open Court.


Dated: Carle Place, New York
      January 17, 2023      s/Richard S. Feinsilver

                                    RICHARD S. FEINSILVER
                                    Attorney for Debtor
                                    One Old Country Road, Suite 347
                                    Carle Place, New York 11514
                                    (516) 873-6330

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                      Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                            Chapter 11
                        Debtor
-------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.      Judge Jil Mazer-Marino

                        Plaintiff
                                                            Adv. Proc. #: 22-1098-jmm
            -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                        Defendant
-------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION SEEKING THE ENTRY OF AN ORDER (A) STRIKING THE ANSWER FILED BY DEFENDANT 2 BIG LEGACY LLC AND (B) ENTERING A JUDGMENT BY DEFAULT AGAINST DEFENDANT 2 BIG LEGACY LLC AS TO ALL CAUSES OF ACTION INTERPOSED BY PLAINTIFF AGAINST DEFENDANT 2 BIG LEGACY LLC**

        RICHARD S. FEINSILVER, an attorney duly admitted to practice before this Court, affirms the following under the penalty of perjury:

        1. I am the attorney for the above captioned Debtor/Plaintiff in this adversary proceeding, and I am fully familiar with the facts and circumstances surrounding this case.

        2. I make this affirmation in support of the Debtor/Plaintiff's application for the entry of a Order (a) striking the answer filed by Defendant 2 Big Legacy LLC, and (b) declaring the default of Defendant 2 Big Legacy LLC in this action and [c] directing the entry of a judgment by default against Defendant 2 Big Legacy LLC as to all causes of action interposed by Plaintiff against Defendant 2 Big Legacy LLC in this adversary proceeding.

        3. The subject adversary proceeding seeks to  to avoid and recover two fraudulent conveyances of the Debtor's interest in real property located at 3751 Martin Luther King Jr. Drive SW, Atlanta GA pursuant to (a) Georgia Code Section 23-3-40, .Georgia Code Sections 18-2-77 and 18-2-78;  11 U.S.C. Sections 547(b)(4)(A), 362 and 549 respectively..

# FACTUAL BACKGROUND

4.   On or about July 1, 2022, as security for a subordinate mortgage given by Defendant 2 Big Legacy LLC to Plaintiff, Defendant Christopher Flournoy, on behalf of 2 Big Legacy LLC executed and  delivered a quit claim deed to Plaintiff transferring its interest in real property known as and by 3571 Martin Luther King Jr Drive SW, Atlanta Georgia (the "Property")  to Plaintiff.

5.   As of on or about July 1, 2022, by virtue of the foregoing, Plaintiff became a creditor of Big Legacy.

6.   2 Big Legacy LLC granted Plaintiff the right to record the quit claim deed upon any default by 2 Big Legacy LLC as to any obligation affecting the Property.

7.   2 Big Legacy LLC defaulted under the terms of a senior mortgage held by Legacy Lending, LLC..

8.. The quit claim deed was duly recorded by Plaintiff in the Office of the Clerk of Fulton County Georgia on July 14, 2022.

9.   As a consequence of the recording of the deed, the subordinate mortgage held by Plaintiff merged into the quit claim deed recorded on July 14, 2022.

10.   As of July 14, 2022 the Property became part of the Plaintiff's estate.

11.   The merger of the mortgage into the deed is the equivalent of a satisfaction of debt.

12.   The merger of the mortgage was the consideration for the quit claim deed from 2 Big Legacy LLC to Plaintiff.

13.   2 Big Legacy LLC filed a petition for protection under Chapter 11 in the United States Bankruptcy Court for the Northern District of Georgia on September 6, 2022.

14. 2 Big Legacy LLC was not in title to the Property on September 6, 2022.

15. During the pendency of its Chapter 11 case, 2 Big Legacy LLC took no action with respect to the recording of the quit claim deed.

16.   On September 9, 2022 (the "Property Transfer Date #1") 2 Big Legacy LLC executed a second deed entitled "Corrective Quit Claim Deed" conveying a 50% interest in the Property back to 2 Big Legacy LLC. ("Transfer #1") . (Exhibit A)

17.   The deed related to Transfer #1 was recorded in the Office of the Clerk of Fulton County Georgia on September 9, 2022, 56 days prior to the Petition Date.

18.  Defendant Flournoy executed the deed evidencing Property Transfer #1 on behalf of 2 Big Legacy LLC.

19.  Plaintiff did not execute  the deed or any transfer documents evidencing Property Transfer #1.

20.  Plaintiff did not consent to the execution of the deed evidencing Property Transfer #1

21.  2 Big Legacy LLC failed to provide Plaintiff with any consideration in exchange for this change in its interest in the Property.

22.  The deed evidencing Transfer #1 reflected that the transfer was for no consideration.

23.  2 Big Legacy LLC did not disclose any of the foregoing to the Bankruptcy Court, nor did  it seek any relief from the Bankruptcy Court prior to the execution of the deed in Transfer #1

24.  On October 31 , 2022 (the "Property Transfer Date #2") 2 Big Legacy LLC executed a second deed entitled "Quit Claim Deed" conveying its 50% interest in the Property to 2 Big Legacy LLC and Defendant Flournoy individually. ("Transfer #2") .  (Exhibit B)

25.  Plaintiff filed its petition for protection under Chapter 11 at approximately 11:30 AM  on October 31, 2022.

26.  The deed evidencing Transfer #2 was recorded in the Office of the Clerk of Fulton County Georgia on October 31, 2022 at 4:00 PM

27.  The deed evidencing Transfer #2 was recorded approximately four hours **after the Debtor filed its Chapter 11 petition with this Court.** (Emphasis added)

28.  2 Big Legacy LLC failed to provide Plaintiff with any consideration with respect to this transfer of an interest in the Property.

29.  The deed evidencing Transfer #2 reflected that the transfer was for no consideration.


## PROCEDURAL BACKGROUND


30. The subject adversary proceeding was commenced by the filing of a complaint on December 6, 2022.  A summons and notice of pre-trial conference was issued by the Court on December 8, 2022. (Exhibits C and D, respectively).

31  On December 9, 2022, each of the defendants was duly served with a copy of the Summons, Complaint and Standing Pre-Trial Order.  Annexed hereto as Exhibit E is a copy of the affirmation of service which was filed with the Court.

32. On January 9, 2023, a document purporting to be an Answer was filed by both Defendants pro-se (Exhibit F). The "Answer" was executed by Defendant Christopher Flournoy both individually and a as member of Defendant 2 Big Legacy LLC.. The "Answer" is devoid of any statement or assertion that either Defendant has appeared or is being represented by counsel in this Adversary Proceeding.

## AN LLC CANNOT REPRESENT ITSELF PRO-SE
## BEFORE THIS COURT

33. 28 U.S.C. Section 1654 states: "In all courts of the United States the parties may plead and conduct their own cases personally or **by counsel** as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein".(Emphasis added)

34. Corporations and partnerships, including, LLCs and LLPs, all of which are fictional legal persons,...cannot appear for themselves personally. With regard to these two types of business associations, it has been the long standing and consistent court interpretation of 28 U.S.C. Section 1654 that they must be represented by licensed counsel. Further, in S. Stern Company v. United States, 331 F.2d 310, 51 C.C.P.A. 15 (1963), the Court of Customs and Patent Appeals held that 28 U.S.C.A. § 1654 would not allow a lay partner in a partnership to represent the partnership in a judicial proceeding.

35. The foregoing ruling was upheld and opined by Justice David Souter in Rowland v. California Men's Colony, 506 U.S. 194 (1993):

"It has been the law [506 U.S. 194, 202]  for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. Osborn v. President of Bank of United States, 9 Wheat. 738, 829 (1824); see Turner v. American Bar Assn., 407 F.Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. Taylor v. Montgomery, 539 F.2d 715 (Table) (CA7 1976), and aff'd sub nom. Pilla v. American Bar Assn., 542 F.2d 56 (CA8 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."

36. Based upon the foregoing, the Answer filed on behalf of Defendant 2 Big Legacy LLC by member Christopher Flournoy pro-se must be stricken from the record in this adversary proceeding, and Defendant 2 Big Legacy LLC held in default as Defendant 2 Big Legacy LLC's time to appear and/or serve and file an answer or other responsive pleading in this action, expired on or about January 9, 2023.

**DEFENDANT 2 BIG LEGACY LLC SHOULD BE HELD IN DEFAULT AND A JUDGMENT BY DEFAULT SHOULD BE ENTERED AGAINST DEFENDANT 2 BIG LEGACY LLC AS TO ALL CAUSES OF ACTION INTERPOSED BY PLAINTIFF AGAINST DEFENDANT 2 BIG LEGACY LLC**

37  Defendants' time to appear and/or serve and file an answer or other responsive pleading in this action, expired on or about January 9, 2023.

38. The striking of the answer submitted by Defendant 2 Big Legacy LLC renders this defendant in default.

39. Based upon the foregoing a default should be entered by this Court against Defendant 2 Big Legacy, LLC.

39. Based upon the foregoing, a Judgment on Default may be entered in this adversary proceeding in favor of the Debtor/Plaintiff for the relief sought herein.

WHEREFORE,  Plaintiff respectfully requests that a Judgment by Default be entered against Defendant 2 Big Legacy LLC as follows:

(A) As to its first cause of action,  that a  Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Section 23-3-40.

(B) As to its second cause of action, that a  Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Sections 18-2-77 and 18-2-78.

[C] As to its third cause of action, that a  Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to 11 U.S.C. Section 547(b)(4)(A)

(D) As to its fourth cause of action, that a  Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #2 pursuant to 11 U.S.C. Sections 362 and 549.

together with such other and further relief that this Court deems just and proper.

Dated: January 17., 2023
      Carle Place, New York

                                              s/Richard S. Feinsilver
                                              Richard S. Feinsilver, Esq.
                                              Attorney for Plaintiff
                                              One Old Country Road, Suite 347
                                              Carle Place, New York 11514
                                              516-873-6330


EXHIBIT A

Deed Book: 66122 Pg 129
Filed and Recorded Sep-09-2022 04:25pm
2022-0295397
Real Estate Transfer Tax $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5
DEED DONE TO CORRECT THE VESTING
FROM 2 BIG LEGACY LLC TO
2 BIG LEGACY LLC AND ACORN REAL
PROPERTY ACQUISITION INC

CROSS REFERENCE DEED BOOK 65927 PAGE 228

## CORRECTIVE QUITCLAIM DEED

THIS INDENTURE, made this day of 7/1 2022 between 2 BIG LEGACY LLC, a

Georgia Limited Liability Company of the County of DEKALB and State of GEORGIA,

hereinafter called "Grantor," and 2 BIG LEGACY LLC AND ACORN REAL PROPERTY

ACQUISITION INC, a Georgia Limited Liability Company of the State of New York ,

hereinafter collectively called "Grantee" (the words "Grantor" and "Grantee" to include their

respective heirs, successors and assigns where the context requires or permits).

### W I T N E S S E T H:

Grantor, for and in consideration of the sum of Ten Dollars ($10.00)'and other valuable

considerations in hand paid at and before the sealing and delivery of these presents, the receipt

whereof is hereby acknowledged, by these presents do hereby remise, convey and forever

quitclaim unto the Grantee all its interest in the following described real estate:

ALL THAT TRACT OR PARCEL OF LAND LYING IN AND BEING IN LAND LOT 15, DISTRICT 14FF, CITY OF ATLANTA, FULTON COUNTY, GEORGIA; AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE CONCRETE MONUMENT MARKING THE INTERSECTION OF THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE (90' R/W) AND THE NORTHERLY RIGHT OF WAY OF BOLTON ROAD (RAW VARIES), WHICH IS THE POINT OF BEGINNING; THENCE TRAVELING ALONG THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE NORTH 32 DEGREES 11 MINUTES 47 SECONDS WEST A DISTANCE OF 164.45 FEET TO A CONCRETE MONUMENT FOUND; THENCE CONTINUING ALONG SAID RIGHT OF WAY ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 3.84 FEET AND A RADIUS OF 3100.77 FEET, BEING SUBTENDED BY A CHORD OF NORTH 32 DEGREES 13 MINUTES 47 SECONDS A DISTANCE OF 3.84 FEET TO A 1/2" REBAR FOUND; THENCE LEAVING SAID RIGHT OF WAY NORTH 81 DEGREES 31 MINUTES 33 SECONDS EAST A DISTANCE OF 271.50 FEET TO AN OPEN-TOP PIPE FOUND; THENCE RUNNING NORTH 01 DEGREES 11 MINUTES 37 SECONDS EAST A DISTANCE OF 356.89 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 88 DEGREES 32 MINUTES 24 SECONDS WEST A DISTANCE OF 269.20 FEET TO A 1/2" REBAR FOUND; THENCE NORTH 01 DEGREES 28 MINUTES 00 SECONDS WEST A DISTANCE OF 172.06 FEET TO A POINT; THENGE SOUTH 89 DEGREES 41 MINUTES 00 SECONDS EAST A DISTANCE OF 82.38 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 30 DEGREES 55 MINUTES 41 SECONDS EAST A DISTANCE OF 70.63 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 89 DEGREES 13 MINUTES 51 SECONDS EAST A DISTANCE OF 340.84 FEET TO A POINT; THENCE SOUTH 07 DEGREES 47 MINUTES 17 SECONDS WEST A DISTANCE OF 45.93 FEET TO A POINT; THENCE SOUTH 06 DEGREES 49 MINUTES 25 SECONDS WEST A DISTANCE OF 147.88 FEET TO A CRIMPED-TOP PIPE FOUND; THENCE SOUTH 76 DEGREES 16 MINUTES 56 SECONDS EAST A DISTANCE OF 268.81 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY OF BOLTON ROAD; THENCE RUNNING ALONG THE WESTERLY AND NORTHERLY RIGHT OF WAY OF BOLTON ROAD THE FOLLOWING FIVE (5) COURSES AND DISTANCES: THENCE ALONG A

CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 217.74 FEET AND A RADIUS OF 762.00 FEET, BEING SUBTENDED BY A CHORD OF SOUTH 18 DEGREES 30 MINUTES 49 SECONDS WEST A DISTANCE OF 217.00 FEET TO A POINT, THENCE SOUTH 25 DEGREES 58 MINUTES 47 SECONDS WEST A DISTANCE OF 82.15 FEET TO A CONCRETE MONUMENT FOUND; THENCE NORTH 62 DEGREES 55 MINUTES 43 SECONDS WEST A DISTANCE OF 29.90 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 26 DEGREES 52 MINUTES 47 SECONDS WEST A DISTANCE OF 97 .40 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 86 DEGREES 04 MINUTES 30 SECONDS WEST A DISTANCE OF 435.09 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5

TOGETHER WITH any and all the rights, privileges, easements, improvements and appurtenances to the same belonging.

TO HAVE AND TO HOLD the said described premises to Grantee, so that neither Grantor nor any person or persons claiming under Grantor shall at any time, by any means or ways, have, claim or demand any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, Grantor have signed and sealed this deed, the _9_ day of _September_____, 2022.

2 BIG LEGACY LLC.

By: _____ (SEAL)
CHRISTOPHER FLOURNOY, MEMBER

_____
Witness

_____
Signature Notary

Notary Public, State of Georgia

EXHIBIT B

Deed Book 66273 Pg 101
Filed and Recorded Oct-31-2022 04:27pm
2022-0330591
Real Estate Transfer Tax $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

Prepared by:

2 BIG LEGACY LLC

4483 Lionshead Cir, Stonecrest, GA 30038, USA

Parcel ID:

_____

## Quitclaim Deed

STATE OF GEORGIA

COUNTY OF Fulton

THIS INDENTURE, made the October 31, 2022, between 2 BIG LEGACY LLC, a Georgia corporation whose tax mailing address is 4483 Lionshead Cir, Stonecrest, GA 30038, USA, (the "Grantor"), and Christopher Flournoy and 2 BIG LEGACY, a Georgia corporation, USA, (the "Grantee") (The words "Grantor" and "Grantee" include their respective heirs, successors, and assigns where the context requires or permits).

WITNESSETH that: The Grantor, for and in consideration of the sum of $10.00 and other valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, by these presents does hereby remise, and convey, as well as quitclaim, unto the said Grantee, the below described tract or parcel of land more fully and completely described as follows:

See Exhibit "A"

TO HAVE AND TO HOLD the said described premises to the Grantee, so that neither Grantor nor any person or persons claiming under Grantor shall at any time, by any means or ways, have, claim or demand any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed in the presence of:

Signature

2 BIG LEGACY LLC

Witness Name

Per:

Christopher *Flournoy*

Owner

Signature

KAreem Smith

Witness Name

**Grantor Acknowledgement**

STATE OF GEORGIA

COUNTY OF Fulton

This instrument was acknowledged before me, Miisha Brown , this 31st day of October 2022, by _____ of 2 BIG LEGACY LLC, a Georgia corporation.

_____

Notary Public for the State of Georgia

Seal:

MIISHA BROWN
MY COMMISSION EXPIRES
NOTARY
PUBLIC
FEBRUARY 23, 2025
HENRY COUNTY, GEORGIA

*Exhibit A*

Deed Book 66273 Pg 104
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

ALL THAT TRACT OR PARCEL OF LAND LYING IN AND BEING IN LAND LOT 15, DISTRICT 14FF, CITY OF ATLANTA, FULTON COUNTY, GEORGIA; AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE CONCRETE MONUMENT MARKING THE INTERSECTION OF THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE (80' R/W) AND THE NORTHERLY RIGHT OF WAY OF BOLTON ROAD (RAW VARIES), WHICH IS THE POINT OF BEGINNING; THENCE TRAVELING ALONG THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE NORTH 32 DEGREES 11 MINUTES 47 SECONDS WEST A DISTANCE OF 164.45 FEET TO A CONCRETE MONUMENT FOUND; THENCE CONTINUING ALONG SAID RIGHT OF WAY ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 3.84 FEET AND A RADIUS OF 3100.77 FEET, BEING SUBTENDED BY A CHORD OF NORTH 32 DEGREES 13 MINUTES 47 SECONDS A DISTANCE OF 3.84 FEET TO A 1/2" REBAR FOUND; THENCE LEAVING SAID RIGHT OF WAY NORTH 81 DEGREES 31 MINUTES 33 SECONDS EAST A DISTANCE OF 271.50 FEET TO AN OPEN-TOP PIPE FOUND; THENCE RUNNING NORTH 01 DEGREES 11 MINUTES 37 SECONDS EAST A DISTANCE OF 356.89 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 88 DEGREES 32 MINUTES 24 SECONDS WEST A DISTANCE OF 269.20 FEET TO A 1/2" REBAR FOUND; THENCE NORTH 01 DEGREES 28 MINUTES 00 SECONDS WEST A DISTANCE OF 172.06 FEET TO A POINT; THENGE SOUTH 89 DEGREES 41 MINUTES 00 SECONDS EAST A DISTANCE OF 82.38 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 30 DEGREES 55 MINUTES 41 SECONDS EAST A DISTANCE OF 70.63 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 89 DEGREES 13 MINUTES 51 SECONDS EAST A DISTANCE OF 340.84 FEET TO A POINT; THENCE SOUTH 07 DEGREES 47 MINUTES 17 SECONDS WEST A DISTANCE OF 45.93

*Parcel ID: 14F0015 0004 0327*

FEET TO A POINT; THENCE SOUTH 06 DEGREES 49 MINUTES 25 SECONDS WEST A DISTANCE OF 147.88 FEET TO A CRIMPED-TOP PIPE FOUND; THENCE SOUTH 76 DEGREES 16 MINUTES 56 SECONDS EAST A DISTANCE OF 268.81 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY OF BOLTON ROAD; THENCE RUNNING ALONG THE WESTERLY AND NORTHERLY RIGHT OF WAY OF BOLTON ROAD THE FOLLOWING FIVE (5) COURSES AND DISTANCES: THENCE ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 217.74 FEET AND A RADIUS OF 762.00 FEET, BEING SUBTENDED BY A CHORD OF SOUTH 18 DEGREES 30 MINUTES 49 SECONDS WEST A DISTANCE OF 217.00 FEET TO A POINT, THENCE SOUTH 26 DEGREES 58 MINUTES 47 SECONDS WEST A DISTANCE OF 82.15 FEET TO A CONCRETE MONUMENT FOUND; THENCE NORTH 62 DEGREES 55 MINUTES 43 SECONDS WEST A DISTANCE OF 28.90 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 26 DEGREES 52 MINUTES 47 SECONDS WEST A DISTANCE OF 97.40 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 86 DEGREES 04 MINUTES 30 SECONDS WEST A DISTANCE OF 435,09 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5

EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                        Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                              Chapter 11
                    Debtor
-------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.                         Judge Jil Mazer-Marino

                    Plaintiff
                                                              Adv. Proc. #: 22-1098-Jmm
              -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                    Defendant
-------------------------------------------------------X

COMPLAINT SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT
CONVEYANCES PURSUANT TO 11 U.S.C. SECTIONS 362, 547 AND 549
AND SECTIONS 23-3-40 AND 18-2-77 AND 18-2-78 OF THE GEORGIA CODE

    Plaintiff-Debtor, Acorn Real Property Acquisition, Inc., by its attorney, Richard S.

Feinsilver, Esq., alleges for its complaint against Defendants, 2 Big Legacy., LLC and

Christopher Flournoy, as follows:

NATURE OF THE ACTION

    1. Plaintiff brings this action against Defendants, 2 Big Legacy LLC ("Defendant" or

"Big Legacy") and Christopher Flournoy ("Flournoy") seeking, among other things, to avoid and

recover two fraudulent conveyances of the Debtor's interest in real property.

JURISDICTION

    2. On October 31, 2022, the Debtor filed a voluntary petition (the "Petition") for relief

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Eastern District of New York.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334 and 11 U.S.C. § 362, 347 and 349 and Georgia Code § 23-3-40 and § 18-2-77.

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1408 and 1409(a).

5. This case is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O).

THE PARTIES

6. Plaintiff-Debtor, maintains its principal offices at 118 Dixon Avenue, Staten Island, New York.

7. Upon information and belief, Big Legacy is a limited liability company with offices at 4483 Lionshead Circle, Lithonia/Stonecrest, Georgia, 30038 and 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305

8. Upon information and belief, Christopher Flournoy ("Flournoy") is an individual whose last known address are 4483 Lionshead Circle, Lithonia/Stonecrest, Georgia, 30038 and 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305.. Upon information and belief, Flournoy, individually, is a member of Big Legacy.

BACKGROUND

9. Upon information and belief, on or about July 1, 2022, as security for a subordinate mortgage given by Big Legacy to Plaintiff, Big Legacy executed and delivered a quit claim deed to Plaintiff transferring its interest in real property known as and by 3571 Martin Luther King Jr Drive SW, Atlanta Georgia (the "Property") to Plaintiff.

10. Upon information and belief, as of on or about July 1, 2022, by virtue of the foregoing, Plaintiff became a creditor of Big Legacy.

11. Upon information and belief, Big Legacy granted Plaintiff the right to record the quit

claim deed upon any default by Big Legacy as to any obligation affecting the Property.

12.  Upon information and belief, in anticipation of a possible default by Big Legacy to Legacy Lending, LLC, Plaintiff elected to record the above deed..

13.  Upon information and belief, as a consequence of the foregoing, the quit claim deed was duly recorded by Plaintiff in the Office of the Clerk of Fulton County Georgia on July 14, 2022.

14.  Upon information and belief, as a consequence of the recording of the deed, the subordinate mortgage held by Plaintiff merged into the quit claim deed recorded on July 14, 2022.  Further, the Property became part of the Plaintiff's estate as of this date.

15.  Upon information and belief, the merger of the mortgage into the deed was the equivalent of a satisfaction of debt and, as such, became the consideration for the quit claim deed from Big Legacy to Plaintiff.

16.  Big Legacy filed a petition for protection under Chapter 11 in the United States Bankruptcy Court for the Northern District of Georgia on September 6, 2022.

17.  2 Big Legacy was not in title to the Property on September 6, 2022.  Further, Big Legacy took no action in its Chapter 11 case with regard to the recording of the quit claim deed.

18.  Upon information and belief, on September 9, 2022 (the "Property Transfer Date #1") Big Legacy executed a second deed entitled "Corrective Quit Claim Deed" allegedly conveying a 50% interest in the Property back to Big Legacy. ("Transfer #1") .  This deed was recorded in the Office of the Clerk of Fulton County Georgia on September 9, 2022.

19.  Upon information and belief, Big Legacy failed to provide Plaintiff with any consideration in exchange this alleged change in its interest in the Property.

20. The deed evidencing Transfer #1 reflected that the transfer was for no consideration.

21. Upon information and belief, Big Legacy did not disclose any of the foregoing to the Bankruptcy Court, nor did it seek any relief from the Bankruptcy Court prior to the execution of the deed in Transfer #1

22. Upon information and belief the intentional fraudulent acts of 2 Big Legacy herein amounted to tortuous interference with the Property of the Plaintiff

23. Upon information and belief, Transfer #1 diminished the assets of the Debtor's bankruptcy estate

24. Upon information and belief, on October 31 , 2022 (the "Property Transfer Date #2") Big Legacy executed a second deed entitled "Quit Claim Deed" allegedly conveying its 50% interest in the Property back to Big Legacy and Flournoy. ("Transfer #2") . This deed was recorded in the Office of the Clerk of Fulton County Georgia on October 31, 2022 at 4:00 PM, approximately four hours after the Debtor filed its Chapter 11 petition with this Court.

25. Upon information and belief, Big Legacy failed to provide Plaintiff with any consideration with respect to this transfer of an interest in the Property.

26. The deed evidencing Transfer #2 reflected that the transfer was for no consideration.

27. Upon information and belief, Transfer #2 further diminished the assets of the Debtor's bankruptcy estate.

FIRST CLAIM FOR RELIEF
UNDER SECTION 23-3-40 OF THE GEORGIA CODE
AS TO TRANSFER #1

28. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 27

of this Complaint as if set forth at length herein.

29. Section 23-3-40 of the Georgia Code provides, in relevant part, that:

"The proceeding quia timet is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged or **other iniquitous deed** or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection." (Emphasis added).

30. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy for no consideration and without the consent of Plaintiff.

31. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property.

32. The deed evidencing Transfer #1 was an **iniquitous deed** as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

33. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Section 23-3-40.

SECOND CLAIM FOR RELIEF
UNDER SECTION 18-2-77 and 18-2-78(d) OF THE GEORGIA CODE
AS TO TRANSFER #1

34. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth at length herein

35. Section 18-2-77 of the Georgia Code provides, in relevant part, that:

"a ) In an action for relief against a transfer or obligation under this article, a creditor, subject to the limitations in Code Section 18-2-78, may obtain:

 (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

 (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by Chapter 3 of this title; and

 (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

  (A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

  (B) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

  © Any other relief the circumstances may require."

36. Section 18-2-78(d) of the Georgia Code provides, in relevant part, that:

"(d) Notwithstanding voidability of a transfer or an obligation under this article, a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:

 (1) A lien on or a right to retain any interest in the asset transferred;

 (2) Enforcement of any obligation incurred; or

 (3) A reduction in the amount of the liability on the judgment."

37. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy was for no consideration and without the consent of Plaintiff.

38. The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property.

39. The deed evidencing Transfer #1 is a voidable transaction as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

40. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from

this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Sections 18-2-77 and 18-2-78.

THIRD CLAIM FOR RELIEF
UNDER 11 U.S.C. SECTIONS 547(b)(4)(A) OF THE BANKRUPTCY CODE
AS TO TRANSFER #1

41.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 40 of this Complaint as if set forth at length herein.

42.   The deed evidencing Transfer #1 was prepared executed and recorded by Big Legacy on September 9, 2022, 53 days prior to filing of the petition in the underlying Chapter 11 case.

43.   Plaintiff did not consent to the Transfer #1 nor did they receive any consideration for such Transfer.  Further, this transfer was outside of the Plaintiff's ordinary course of business.

44.   The deed evidencing Transfer #1 was prepared, executed and recorded by Big Legacy was solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property.

45.   11 U.S.C. Section 347(b)(4)(A) states in part that a transfer made within 90 days of the filing of a Petition under Title 11 outside of the regular course of business without a contemporary exchange of value can be avoided by this Court.

46    The deed evidencing Transfer #1 is a voidable transaction as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

47.   Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to 11 U.S.C.

Section 547(b)(4)(A).

## FOURTH CLAIM FOR RELIEF
## UNDER 11 U.S.C. SECTIONS 549 AND 362 OF THE BANKRUPTCY CODE
## AS TO TRANSFER #2

48.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 47 of this Complaint as if set forth at length herein.

49.  The deed evidencing Transfer #2, was executed and recorded in the Office of the Clerk of Fulton County Georgia on October 31, 2022 at 4:00 PM, approximately three (3) hours after the Debtor filed its Chapter 11 petition with this Court.

50.  The deed evidencing Transfer #2 was recorded in violation of the automatic stay afforded the Plaintiff upon the filing of its petition pursuant to 11 U.S.C. Section 362.

51.  Plaintiff did not consent to the Transfer #2 nor did they receive any consideration for such Transfer.  Further, this transfer was outside of the Plaintiff's ordinary course of business.

52  The deed evidencing Transfer #2 was prepared, executed and recorded by Big Legacy was solely and for no other purpose than to display its tortuous intent to place a cloud on Plaintiff's title to intentionally damage the Plaintiff financially and inhibit its ability to sell the Property

53.  Pursuant to 11 U.S.C. Section 349, a transfer of property of the estate may be avoided after the commencement of the case and without the consent of the Court.

54   The deed evidencing Transfer #2 is a voidable transaction as such term is defined by statute and in furtherance of the equitable intent of this statute, the cancellation and/or avoidance of this deed is necessary and proper to remove the cloud on Plaintiff's title to the Property.

55. Based upon the foregoing, Plaintiff demands that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #2 pursuant to 11 U.S.C. Sections 362 and 549.

WHEREFORE, Plaintiff demands judgment as follows:

(A) As to its first cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Section 23-3-40.

(B) As to its second cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to George Code Sections 18-2-77 and 18-2-78.

[C] As to its third cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #1 pursuant to 11 U.S.C. Section 547(b)(4)(A)

(D) As to its fourth cause of action, that a Declaratory Judgment issue from this Court cancelling and/or avoiding the deed evidencing Transfer #2 pursuant to 11 U.S.C. Sections 362 and 549.

together with such other and further relief that this Court deems just and proper.

Dated: December 6., 2022
      Carle Place, New York

                                        s/Richard S. Feinsilver
                                        Richard S. Feinsilver, Esq.
                                        Attorney for Plaintiff
                                        One Old Country Road, Suite 347
                                        Carle Place, New York 11514
                                        516-873-6330


EXHIBIT D

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both*
*adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Acorn Real Property Acquisition, Inc.

Bankruptcy Case No.: 1−22−42718−jmm

Acorn Real Property Acquisition, Inc.

Plaintiff(s),

−against−
2 Big Legacy LLC
Christopher Flournoy

Adversary Proceeding No. 1−22−01098−jmm

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint, which is attached to this summons, to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
|---|
| **United States Bankruptcy Court**<br>**271−C Cadman Plaza East, Suite 1595**<br>**Brooklyn, NY 11201−1800** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| **Richard S Feinsilver**<br>**Richard S. Feinsilver, Esq.**<br>**One Old Country Road**<br>**Suite 347**<br>**Carle Place, NY 11514** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location:<br>**United States Bankruptcy Court, 271−C Cadman Plaza East, Courtroom 3529 − 3rd Floor, Brooklyn, NY 11201−1800** | Date and Time:<br>**January 25, 2022 at 10:30 AM** |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: December 8, 2022                          Robert A. Gavin, Jr., Clerk of the Court

EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ACORN REAL PROPERTY ACQUISITION, INC., | ) ) | |
| Debtor | ) | Case No. 22-42718-jmm |
| | ) | |
| ACORN REAL PROPERTY ACQUISITION, INC., | ) ) | Chapter 11 |
| Plaintiff | ) | **ANSWER** |
| vs | ) | |
| 2 BIG LEGACY LLC | ) | **OF DEFENDANTS** |
| CHRISTOPHER FLOURNOY | ) ) | |
| Defendants. | ) | |

---

### ANSWER

Defendants 2 Big Legacy LLC and Christopher Flournoy hereby answer plaintiff Acorn Real Property Acquisition, INC.'s Complaint as follows:

### THE PARTIES

1. Defendants admit the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 4, 5 and 6 of the Complaint.

3. Defendants deny the allegations contained in paragraphs 6 through 55 of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                          Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                                Chapter 11
                        Debtor
-------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.                           Judge Jil Mazer-Marino

                        Plaintiff
                                                                Adv. Proc. #:22-1098-jmm
                -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                        Defendant
-------------------------------------------------------X

## AFFIRMATION OF SERVICE

The undersigned attorney, duly admitted to practice before this Court, affirms the following to be
true under the penalties of perjury:

1. That he is the attorney for the Plaintiff in the instant adversary proceeding.

2. That on the 9th day of December 2022, your affiant served a true copy of the Summons with
Notice of Pre-Trial Conference and Complaint filed in this action upon:

Rachel Wolf, Esq., US Trustee, US Federal Office Building, 201 Varick Street, Suite 1006, NY
NY 10014
2 Big Legacy LLC, 4483 Lionshead Circle, Lithonia (Stonecrest), Georgia, 30038
2 Big Legacy LLC, 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305
2 Big Legacy LLC, c/o Curtis Hull, 5702 Reynard Trail, Lithonia, GA, 30038, USA
Christopher Flournoy, 4483 Lionshead Circle, Lithonia (Stonecrest), Georgia, 30038
Christopher Flournoy, 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305
Chistopher Flournoy, 4011 Roswell Road NE, #3107, Atlanta-GA-30342

the address(es) designated by said attorney and party for that purpose by depositing a true copy of same to each attorney and party, VIA First Class Mail, enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the USPS within the State of New York

Dated: December 9, 2022
      Carle Place, New York           s/Richard S. Feinsilver

                                       RICHARD S. FEINSILVER

EXHIBIT F

## SECOND DEFENSE

The court lacks personal jurisdiction over defendants.

## THIRD DEFENSE

The court lacks subject matter jurisdiction over defendants.

## FOURTH DEFENSE

The complaint is barred by the applicable statute of limitations.

## FIFTH DEFENSE

The complaint is barred by a prior arbitration and award.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or release.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's own culpable conduct.

## TWELVETH DEFENSE

Plaintiff failed to mitigate its damages, if any.

## THIRTEENTH DEFENSE

Plaintiff has sustained no damages.

## FOURTEENTH DEFENSE

If Plaintiff has sustained damages, those damages are incorrectly valued.

## FIFTEENTH DEFENSE

Defendants reserve the right to assert additional defenses and/or supplement and amend this answer upon the discovery of more definite facts.

**WHEREFORE**, by reason of the foregoing, defendants hereby respectfully request the following relief:

1. Dismissing the complaint with prejudice;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

Respectfully submitted,

2 Big Legacy, LLC

By: _____
Christopher Flournoy, Member

_____
Christopher Flournoy, Individually

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                    Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                          Chapter 11
                         Debtor
-------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.                     Judge Jil Mazer-Marino

                         Plaintiff
                                                          Adv. Proc. #:22-1098-jmm
              -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                         Defendant
-------------------------------------------------------X

### AFFIRMATION OF SERVICE

The undersigned attorney, duly admitted to practice before this Court, affirms the following to be
true under the penalties of perjury:

1. That he is the attorney for the Plaintiff in the instant adversary proceeding.

2. That on the 17th day of January 2023, your affiant served a true copy of the Summons with
Notice of Motion to Strike Answer and Supporting Documents filed in this action upon:

Rachel Wolf, Esq., US Trustee, US Federal Office Building, 201 Varick Street, Suite 1006, NY
NY 10014
2 Big Legacy LLC, 4483 Lionshead Circle, Lithonia (Stonecrest), Georgia, 30038
2 Big Legacy LLC, 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305
2 Big Legacy LLC, c/o Curtis Hull, 5702 Reynard Trail, Lithonia, GA, 30038, USA
Christopher Flournoy, 4483 Lionshead Circle, Lithonia (Stonecrest), Georgia, 30038
Christopher Flournoy, 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305
Chistopher Flournoy, 4011 Roswell Road NE, #3107, Atlanta-GA-30342

the address(es) designated by said attorney and party for that purpose by depositing a true copy of same to each attorney and party, VIA First Class Mail, enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the USPS within the State of New York

Dated: January 17, 2023
      Carle Place, New York                s/Richard S. Feinsilver

                                            _____
                                            RICHARD S. FEINSILVER