UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                                                    Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.

                                                                            Chapter 11

                            Debtor

-----------------------------------------------------X

ACORN REAL PROPERTY ACQUISITION, INC.          Judge Jil Mazer-Marino

                            Plaintiff

                                                                            Adv. Proc. #:22-1098-jmm

            -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                            Defendant

-----------------------------------------------------X

**NOTICE OF HEARING OF MOTION IN LIMINE BY PLAINTIFF
ON MAY 30, 2023 AT 10 AM SEEKING A DECLARATORY ORDER
EXCLUDING ANY TESTIMONY OF DEFENDANT CHRISTOPHER
FLOURNOY AT TRIAL; ADMITTING COPIES OF THE RECORDED DEEDS
DATED JULY 14, 2022, SEPTEMBER 9, 2022 AND OCTOBER 31, 2022
RESPECTIVELY; PRECLUDING THE DEFENDANTS FROM PRESENTING
ANY EVIDENCE OR TESTIMONY AT TRIAL CHALLENGING THE
VERACITY OF THE RECORDED DOCUMENTS TOGETHER WITH OTHER
RELATED RELIEF**

PLEASE TAKE NOTICE that a hearing before the Honorable Jil Mazer-Marino
United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District
of New York, 271-C Cadman Plaza East, Room 3529, Brooklyn, New York 11201–1800
shall be held on May 30, 2023 at 10 AM on the motion filed by the Plaintiff, Acorn Real
Estate Acquisition, Inc., the entry of a Declaratory Order (the " **Order**"), pursuant to
Federal Rules of Evidence, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy
Rules**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States
Bankruptcy Court for the Eastern District of New York (the "**Local Rules**") (a) excluding

any testimony of Defendant Christopher Flournoy at trial; (b) admitting copies of the recorded deeds dated July 14, 2022, September 9, 2022 and October 31, 2022 respectively (the **"Recorded Documents");** [c] precluding Defendants from presenting any evidence or testimony at trial challenging the veracity of the Recorded Documents; and (d) granting other related relief (the "**Motion**"),

PLEASE TAKE FURTHER NOTICE that objections, if any, to the motion must be in writing and filed with the Bankruptcy Court by May 26, 2023 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to Richard S. Feinsilver, Esq., One Old Country Road, Suite 347, Carle Place, New York 11514.

PLEASE TAKE FURTHER NOTICE that **the hearing shall be held IN PERSON in Courtroom 3529**

PLEASE TAKE FURTHER NOTICE that the hearing on the motion may be adjourned without notice other than an announcement in open Court.

Dated: Carle Place, New York
     May 18, 2023           s/Richard S. Feinsilver

                     _____
                     RICHARD S. FEINSILVER
                     Attorney for Plaintiff
                     One Old Country Road, S 347
                     Carle Place, New York 11514
                     (516) 873-6330

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                      Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                            Chapter 11
                        Debtor
-------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.                       Judge Jil Mazer-Marino

                        Plaintiff
                                                            Adv. Proc. #:22-1098-jmm
            -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                        Defendant
-------------------------------------------------------X


**AFFIRMATION IN SUPPORT OF  PLAINTIFF'S OMNIBUS MOTION IN LIMINE**


   RICHARD S. FEINSILVER, an attorney duly admitted to practice before this Court,
affirms the following under the penalty of perjury:


   1. I am the attorney for ACORN REAL PROPERTY ACQUISITION, INC the above
captioned Debtor in Possession and Plaintiff and Movant ("Acorn") in this adversary proceeding,
and I am fully familiar with the facts and circumstances surrounding this case.


   2. I make this affirmation in support of Acorn's motion In Limine .


   3. The subject adversary proceeding seeks to avoid and recover two (2) fraudulent
conveyances of the Debtor's interest in real property located at 3751 Martin Luther King Jr. Drive
SW, Atlanta Georgia to which Acorn rightfully acquired title on July 14, 2022. The first
fraudulent deed transfer was dated and recorded September 9, 2022.  The second fraudulent deed
transfer was dated and recorded October 31, 2022.  Pursuant to Georgia Code Section 23-3-40,

Georgia Code Sections 18-2-77 and 18-2-78; AND 11 U.S.C. Sections 547, 362 and 549 respectively, both transfers were fraudulent and avoidable.

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

4. The trial on Acorn's Complaint is scheduled for May 30, 2023 at 10:00 am, in person, in Courtroom 3529.

## PRELIMINARY STATEMENT

5. "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).

6. Defendant Christopher Flournoy ("Flournoy") is a member of the Defendant LLC. and was the party who executed the deed vesting title in Acorn as well as of both of the deeds sought to be avoided in this adversary proceeding.

7. Non-parties Dexter Hull ("Hull") and Darren Keys ("Keys") are also members of the Defendant LLC, and have previously appeared before this Court in this adversary proceeding.

8. At no time herein has Flournoy appeared at any hearings in this adversary proceeding nor has he submitted any pleadings to this Court other than an answer (ECF # 4). Further, although there is an application for proposed counsel to be admitted pro hac vice, an appropriate Order has not been entered by the Court nor is there a Notice of Appearance on the docket in this case.

9. At the pre-trial hearing held on April 20, 2023, after numerous delays, excuses and adjournments by the Defendants, the Court set down a discovery deadline for Friday, May 12,

2023.

10.  On April 26, 2023, Acorn, by counsel, served its initial demand for the production and inspection of documents upon the Defendant LLC and Flournoy (Exhibit "1"). The deadline set by Plaintiff for the production of documents was May 5, 2023.

11.  On April 26, 2023, Flournoy, Hull and Keys were duly noticed for depositions to be held on May 10, 2023 (Exhibit "2")

12.  Despite subsequent email demands served upon proposed counsel to the LLC by my office, Defendants did not produce any of the documents demanded on April 26, 2023.

13.  Of the parties noticed for deposition, only Hull agreed to appear for virtual deposition on May 10, 2023 at 12 Noon.  After confirmation with proposed counsel, US Legal Support was retained by the undersigned to conduct the virtual depositions under their job # 6371883. (Exhibit "3")

14.  Dexter Hull submitted to examination. In your undersigned's humble opinion, his answers were indirect, incomplete, purposely unclear and wholly evasive.  This shall be raised on cross examination.

15.  Defendant Flournoy neither appeared for examination nor did he submit any excuse for his willful default. Further, he provided no alternate dates at which he would appear. Defendant Flournoy should not be allowed to offer testimony at trial, and the Defendants must be precluded from offering the testimony of Flournoy or any documentary evidence to challenge or contradict Plaintiff's case in chief.

16.  Acorn also seeks an order establishing the authenticity and the admissibility of the majority of the exhibits that it intends to introduce at trial.  Specifically, the Court should rule that the copies of the three (3) deeds recorded with  the Fulton County Georgia clerk recorded

July 14, 2022, September 9, 2022 and October 31, 2022, respectively, all signed by defendant Flournoy, are admissible as well as the Defendants' prior statements (including their employees' emails, text messages and their prior statements) are authentic and admissible for any purpose to the extent relevant to the case. (Exhibits "4", "5" and "6").

17.   The Court has scheduled a one-day trial, and neither the parties nor the Court should waste that valuable time on the testimony of improper witnesses or on foundational disputes about evidence that is clearly admissible. Nor should the Court permit the Defendants to ambush Acorn with evidence that has not previously been disclosed, despite Acorn's repeated requests for that evidence.

18.   Based upon the foregoing, Acorn's Motion should be granted in its entirety.

## ARGUMENT

### Plaintiff's First Motion in Limine : The Court Should Exclude Any Testimony by Christopher Flournoy

19.   On May 1, 2023, Plaintiff identified the individual[s] likely to have discoverable information, along with the subjects of that information upon the filing of the complaint where Christopher Flournoy was a named defendant and where his testimony could be used to support Acorn claims. (Exhibit "7").

20.   FED. R. BANKR.P 7030(a)(1) mandates a party's attendance at deposition upon oral examination and FED. R. BANKR.P 7037(d) allows for the courts consideration of exclusion of evidence for failure to so abide. "When considering whether to exclude the evidence under Rule 37, the Court must weigh four factors: "(1) the party's explanation for the failure to comply ..., (2) the importance of the testimony of the precluded witness, (3) the prejudice suffered by the opposing party ...; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997); accord Outley v. City of New York, 837 F.2d 587, 590 (2d Cir.1988).   See, In re Quigley Co., Inc., 437 B.R.

102, 150 (Bankr. S.D.N.Y. 2010). All four (4) factors in favor of exclusion are present in the case at bar. Flournoy offered no excuse for his non-appearance. The testimony of a party defendant where fraud is being alleged is critical as Acorn would be severely prejudiced if Flournoy were allowed to testify at trial without the Plaintiff's benefit of a deposition, in particular in the case at bar where the trial has been firmly scheduled by this Court.

21. Fact discovery concluded on May 12, 2023.

22. Federal Rule of Civil Procedure 26(e)(1)(A) (made applicable by FED. R. BANKR.P 7026) required the Defendant's to "supplement or correct its disclosure or response . . . in a timely manner if [they learned] that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." No such correction was made by the Defendants.

23. Pursuant to Federal Rule of Civil Procedure 37(c)(1) (made applicable by Federal Rule of Bankruptcy Procedure 7037), no new witnesses should be permitted to testify. Rule 37(c)(1)'s preclusionary sanction is "automatic" absent a determination of either "substantial justification" or "harmlessness." See Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir.1998); In re Motel 6 Sec. Litig., 161 F.Supp.2d 227, 243 (S.D.N.Y. 2001); Bastys v. Rothschild, No. 97 Civ. 5154, 2000 WL 1810107, at *26 (S.D.N.Y. Nov. 21, 2000). "Substantial justification means 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.' " Henrietta D.v. Giuliani, No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001) (citation omitted). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.Kan.1995). The burden to prove substantial justification or harmlessness rests with the dilatory party. See Wright v. Aargo Sec. Servs., Inc., No. 99 Civ. 9115, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001) (citations omitted). Am. Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

24.   There is no "substantial justification" for Defendants' failure to identify any new witnesses and the failure to identify them is certainly not harmless.  Acorn's reliance on the disclosures as to the individuals whom they might call for their defense, and each party conducted discovery premised on the testimony of the previously identified witnesses. This is the very definition of "ambush litigation".

**Plaintiff's Second Motion In Limine: The Court Should Preclude The Defendants From Challenging the Recorded Documents.**

25.   The entire case at bar is based upon various deeds filed both pre- and post-petition. Each deed was prepared at the direction of, and for the benefit of, the Defendant LLC. Each deed was executed by Flournoy on behalf of the Defendant LLC.

26   At no time herein have the Defendants identified any inaccuracies as to the contents of the deeds. Having refused to identify any inaccuracies in the deeds, the Defendants should not be permitted to object to admissibility or introduce evidence or testimony at trial that challenges or contradicts the accuracy of the documentary evidence.

27.   The Defendants' repeated refusal to identify a factual dispute with the recorded documents means that they should be prohibited from objecting to admissibility or introducing evidence or testimony or argument to challenge or contradict their accuracy.

## CONCLUSION

28.  For the reasons stated herein, this Motion should be granted in its entirety along with such other and further relief as this Court may deem just and proper.

Dated: May 18, 2023
      Carle Place, New York

          s/Richard S. Feinsilver
          Richard S. Feinsilver, Esq.
          Attorney for Plaintiff
          One Old Country Road, Suite 347
          Carle Place, New York 11514
          516-873-6330

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                    Chapter 7

ACORN REAL ESTATE ACQUISITION INC.,

                                      Case No. 22-42718-jmm

                    Debtor.
---------------------------------------------------------X

ACORN REAL ESTATE ACQUISITION INC          AP No.: 22-1098-jmm

                    Plaintiff,

     -against-

                                **NOTICE OF DISCOVERY
                                AND INSPECTION**

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                    Defendants.
---------------------------------------------------------X

      PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34(a), Plaintiff,

ACORN REAL ESTATE ACQUISITION INC , (hereinafter, "Plaintiff") by its attorney,

RICHARD S. FEINSILVER, ESQ. requires that Defendants produce each of the documents

described below which are in the possession, custody or control of the Defendants, at the office of

RICHARD S. FEINSILVER, ESQ., attorneys for the Plaintiff, at One Old Country Road, Suite

347, Carle Place, New York 11514, at 10:00 a.m. on or before May 5, 2023, and permit said

Plaintiff or its attorneys to inspect and copy such documents, and at such further times as may be

necessary for the completion thereof.  Compliance may also be satisfied by emailing a copy of

such documents to feinlawny@yahoo.com, the email address utilized by Plaintiff's attorney for

such purposes, by the above date and time.

## DEFINITIONS AND INSTRUCTIONS

    1.  The term "document" means any handwritten, printed, typed, photographed, tape-

recorded or graphic matter, however otherwise produces or reproduces and includes, without limitation, all communications, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, management letters, accounts, telex files, teletype, telegrams, contracts, notes, marginal notations, photographs, ledgers, computer discs, tapes or other medium for storage of electronic data or information recorded on any medium, other records of original entry, check (back and front), drafts and all non-identical copies of any of the foregoing, if applicable, and other documents, recordings or writings of whatever nature and description and all other media on which information can be stored and transmitted.

2.   The term "agreement" means any document or oral understanding that constitutes or purports to be, in whole or in part, a contract, license, lease or custom, and includes all amendments, modifications, interpretations and drafts thereof, whether or not executed, and any exercise of an option or other rights embodied therein.

3.   The term "possession, custody or control" includes, without limitation, possession, custody or control of either Plaintiff and any person or entity acting or purporting to act on behalf of either Plaintiff, whether as agent, officer, director, accountant, employee, attorney, sponsor, spokesman or otherwise.

4.   The terms "and" and "or" shall be construed disjunctively or conjunctively, as necessary to make the request inclusive rather than exclusive.  "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any".  "Each" includes the word "every" and "every" includes the word "each".  The use of the singular shall include the plural, and vice versa, and the use of the masculine shall include the feminine and neuter form, and vice versa, as the context requires.

5.   In the event that any document called for by this notice to produce is not produced:

Identify each such document.

a.     Set forth the reason why the document has not been produced (e.g., not in your custody, possession or control, destruction, claim of privilege), and

(i)     If the document is not produced on the basis of claim of privilege or for any other reason, identify the document with particularity, including, without limitation, the addressor, the addressee, the author of the document, the number of pages, attachments and appendixes, the date of the document, its general subject matter, the identities of each individual or entity to whom the document or a copy was transmitted, and the relationship to each Plaintiff of each individual or entity to whom each such document or a copy thereof was transmitted, shown, or to whom the information therein was disclosed or discussed, and state the nature of the privilege asserted or discussed, and state the nature of the privilege asserted, if any;

(ii) If the document is in the possession of a person or entity other than you over with you have not control:

(1)  set forth whether and when the document was in your possession;

(2) set forth what disposition was made of the document; and

(3) identify the person or entity which is presently in possession of the document.

(iii) If the document was destroyed:

(1) set forth the date of destruction;

(2) set forth the matter of destruction;

(3) set forth the name and address of the person authorizing the

destruction; and

(4) set forth the name and address of the person destroying the document.

6. This Notice of Discovery and Inspection imposes a continuing obligation upon you to make further and supplemental document productions if, between the time of the original production and the time of trial, you receive or generate additional documents satisfying the request set forth below:

## DOCUMENTS REQUESTED

(1) Provide copies of any and all documents filed with the Department of State of the State of Formation of Defendant 2 Big Legacy LLC (hereinafter the "LLC") in regard to: (a) the formation of the LLC; (b) names and addresses of ALL members of the LLC from the date of formation up to and including the date of production; (c) proof that the LLC was active and has remained compliant with the requirements of Laws of the State of Formation of the LLC at all times from May, 2022 to the date of production.

(2) Provide copies of any and all tax returns filed by the LLC for tax years 2020, 2021 and 2022 (if filed, otherwise proof that the LLC has filed for an extension of the deadline to file such returns).

(3) Provide copies of any and all operating agreements entered into by and between any members of the LLC from the date of formation to the date of production.

(4) Provide copies of any and all documents in regard to the purchase and acquisition of the property known as and by 3751 Martin Luther King, Jr. Boulevard, SW, Atlanta Georgia (the Property") by the LLC in 2022 including,

but not limited to, (a) the contract of sale and all riders annexed thereto, (b) all any and checks, cash receipts and/or wire transfers (if applicable) constituting the cash consideration paid by the LLC, or by any third party on behalf of the LLC, to purchase the property; (c) the closing or settlement statement constituting the summary of the financial aspects of the closing of title to the Property.

(5) Provide a copy of all mortgage loan agreements and related documents by and between the LLC and Legacy Lending LLC, including, but not limited to (a) any and all loan applications or financial statements submitted to Legacy Lending by the LLC (b) the mortgage note given by the LLC to Legacy Lending; (c) any supporting affidavits and other related documents executed by any member of the LLC in support of the funding of the mortgage loan given by Legacy Lending to the LLC.

(6) Provide copies of any and all checks, cash receipts and/or wire transfers (if applicable) constituting the mortgage payment(s) alleged to have been made by the LLC, or by any third party on behalf of the LLC, to Legacy Lending at all times subsequent to June 15, 2022.

(7) Provide copies of any and all bank statements that evidence the negotiation of the checks or wire transfers representing the mortgage payments alleged to have been made by the LLC to Legacy Lending.

(8) Provide copies of any and all checks, cash receipts and/or wire transfers (if applicable) constituting any and all mortgage payment(s) alleged to have been

made the by LLC, or by any third party on behalf of the LLC, to the Plaintiff at all times subsequent to June 15, 2022.

(9) Provide copies of any and all bank statements that evidence the negotiation of the checks or wire transfers representing payments alleged to have been made by the LLC to the Plaintiff and substantiate that the LLC did not default in the remittance of payments to Plaintiff

(10) Provide copies of any and all petitions, schedules, statements and pleadings filed by the LLC relating to the LLC's Chapter 11 bankruptcy filing in United States Bankruptcy Court for the Northern District of Georgia on September 6, 2022 (Case # 22-57062-wlh) including but not limited to the Statement of Corporate Authority and Resolution of the Members authorizing the filing of the petition, any applications made by LLC to the Bankruptcy Court to allow it, as a debtor-in-possession to execute and record the "Corrective Quit Claim Deed" on September 9, 2022 (hereinafter "Deed #1").

(11) Provide copies of any and all documentation that support any allegations of the LLC that, on September 6, 2022, the LLC had an ownership interest in the Property.

(12) Provide copies of any and all documentation that support any allegation that Plaintiff consented to the execution and recording of Deed #1 on September 9, 2022.

(13) Provide the names, addresses and phone numbers of the party(s) that drafted the "Second Corrective Deed" dated October 31, 2022 ("Deed #2")

(14) Provide the names, addresses and phone numbers of the party(s) that drafted Deed #1

(15) Provide any and all names, addresses and phone numbers of the witnesses, including expert witnesses that have information that support any of the allegations contained in the Complaint that the Defendants intend to introduce at trial.

(16) Provide copies of any documentation in reference to the dates, times, length, place and substance of conversation(s) and/or meeting(s) that any member of the LLC had with Olakunle Praise Apampa, the sole Officer, Director and Shareholder of Plaintiff the concerning the events and/or allegations contained in the Plaintiffs' Complaint, including but not limited to, e-mails, letters, messages, memos, and/or reports.

(17) Provide any and all documents that the Defendants intend to submit at trial.

PLEASE TAKE FURTHER NOTICE that in lieu of producing said items at the offices of RICHARD S. FEINSILVER, ESQ., you may submit same by mail or by email to the undersigned at feinlawny@yahoo.com before the return date of the within notice.

PLEASE TAKE FURTHER NOTICE that the foregoing are continuing demands, and that if any of the above items are obtained after the date of this notice, they are to be furnished to the undersigned pursuant to this notice.

PLEASE TAKE FURTHER NOTICE that in the event of your failure to comply with this notice, a motion will be made to strike your answer with costs or for any other relief the Court deems just and proper under the circumstances.

Dated: April 26, 2023
Carle Place, New York

S/Richard S. Feinsilver
Richard S. Feinsilver, Esq.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place NY 11514
516-873-6330

To: LaKeisha Gantt, Esq.
      Proposed Counsel to Defendant
      1406 Enclave Trail
      Stockbridge GA 30228
      678-923-5523

      lgantt@ganttlegal.com

 2 Big Legacy LLC
4483 Lionshead Circle
Lithonia (Stonecrest) Georgia, 30038

2 Big Legacy LLC
2870 Peachtree Road, Suite 244
Atlanta, Georgia 30305

2 Big Legacy LLC
c/o Curtis Hull
5702 Reynard Trail
Lithonia, GA, 30038, USA

Christopher Flournoy
4483 Lionshead Circle
Lithonia (Stonecrest), Georgia, 30038

Christopher Flournoy
2870 Peachtree Road, Suite 244
Atlanta, Georgia 30305

Christopher Flournoy
4011 Roswell Road NE, #3107
Atlanta-GA-30342

EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                    Chapter 7

ACORN REAL ESTATE ACQUISITION INC.,
                                                          Case No. 22-42718-jmm


                              Debtor.
--------------------------------------------------------X
ACORN REAL ESTATE ACQUISITION INC            AP No.: 22-1098-jmm

                              Plaintiff,

        -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                              Defendants.
--------------------------------------------------------X


## <u>NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION</u>


TO: LaKeisha Gantt, Esq.
    Proposed Counsel to Defendant
    1406 Enclave Trail
    Stockbridge GA 30228
    678-923-5523

    lgantt@ganttlegal.com



SIRS:

        **PLEASE TAKE NOTICE,** that pursuant to Rule 7030 of the Federal Rules of

Bankruptcy Procedures as it incorporates Rule 30(b), subdivision (6) of the Federal Rules

of Civil Procedure, the Plaintiff, ACORN REAL ESTATE ACQUSIITION, INC., by its

attorney, RICHARD S. FEINSILVER, ESQ., will take the deposition of CHRISTOPHER

FLOURNOY, an  individual Defendant and a member of the Defendant LLC (the

"Witness"), by oral examination before a notary public or before some other officer authorized by law to administer oaths, who shall record the testimony by stenographic means, and who is not an interested party as that term is defined under Rule 7028(c) of the Federal Rules of Bankruptcy Procedure and Rule 28(c) of the Federal Rules of Civil Procedure

    **PLEASE TAKE FURTHER NOTICE,** that the deposition of the Witness shall take place via Zoom teleconference commencing on May 10, 2023 at 12:00 Noon, and will continue from day to day, in increments of two (2) hours, until completed.

Dated: April 26, 2023
      Carle Place, New York

                        S/Richard S. Feinsilver
                        Richard S. Feinsilver, Esq.
                        *Attorneys for Plaintiff*
                        One Old Country Road, Suite 347
                        Carle Place NY 11514
                        516-873-6330

Also to:

Christopher Flournoy
4483 Lionshead Circle
Lithonia (Stonecrest), Georgia, 30038

Christopher Flournoy
2870 Peachtree Road, Suite 244
Atlanta, Georgia 30305

Christopher Flournoy
4011 Roswell Road NE, #3107
Atlanta-GA-30342

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                              Chapter 7

ACORN REAL ESTATE ACQUISITION INC.,
                                                                    Case No. 22-42718-jmm

                          Debtor.
--------------------------------------------------------X
ACORN REAL ESTATE ACQUISITION INC            AP No.: 22-1098-jmm

                          Plaintiff,

        -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                          Defendants.
--------------------------------------------------------X


## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION


TO: LaKeisha Gantt, Esq.
     Proposed Counsel to Defendant
     1406 Enclave Trail
     Stockbridge GA 30228
     678-923-5523

     lgantt@ganttlegal.com



SIRS:

        **PLEASE TAKE NOTICE,** that pursuant to Rule 7030 of the Federal Rules of

Bankruptcy Procedures as it incorporates Rule 30(b), subdivision (6) of the Federal Rules

of Civil Procedure, the Plaintiff, ACORN REAL ESTATE ACQUSIITION, INC., by its

attorney, RICHARD S. FEINSILVER, ESQ., will take the deposition of DEXTER HULL,

a member of the Defendant LLC (the "Witness"), by oral examination before a notary

public or before some other officer authorized by law to administer oaths, who shall record the testimony by stenographic means, and who is not an interested party as that term is defined under Rule 7028(c) of the Federal Rules of Bankruptcy Procedure and Rule 28(c) of the Federal Rules of Civil Procedure

**PLEASE TAKE FURTHER NOTICE,** that the deposition of the Witness shall take place via Zoom teleconference commencing on May 10, 2023 at 2:00 PM, and will continue from day to day, in increments of two (2) hours, until completed.

Dated: April 26, 2023
Carle Place, New York

S/Richard S. Feinsilver
Richard S. Feinsilver, Esq.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place NY 11514
516-873-6330

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 7

ACORN REAL ESTATE ACQUISITION INC.,
                                                          Case No. 22-42718-jmm

                          Debtor.
------------------------------------------------------------X
ACORN REAL ESTATE ACQUISITION INC                         AP No.: 22-1098-jmm

                          Plaintiff,

        -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                          Defendants.
------------------------------------------------------------X


## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION


TO: LaKeisha Gantt, Esq.
        Proposed Counsel to Defendant
        1406 Enclave Trail
        Stockbridge GA 30228
        678-923-5523

        lgantt@ganttlegal.com



SIRS:

        **PLEASE TAKE NOTICE,** that pursuant to Rule 7030 of the Federal Rules of

Bankruptcy Procedures as it incorporates Rule 30(b), subdivision (6) of the Federal Rules

of Civil Procedure, the Plaintiff, ACORN REAL ESTATE ACQUSIITION, INC., by its

attorney, RICHARD S. FEINSILVER, ESQ., will take the deposition of DARREN KEYS,

a member of the Defendant LLC (the "Witness"), by oral examination before a notary

public or before some other officer authorized by law to administer oaths, who shall record the testimony by stenographic means, and who is not an interested party as that term is defined under Rule 7028(c) of the Federal Rules of Bankruptcy Procedure and Rule 28(c) of the Federal Rules of Civil Procedure

   **PLEASE TAKE FURTHER NOTICE,** that the deposition of the Witness shall take place via Zoom teleconference commencing on May 10, 2023 at 4:00 pm, and will continue from day to day, in increments of two (2) hours, until completed.

Dated: April 26, 2023
      Carle Place, New York

<div style="margin-left:40%;">

S/Richard S. Feinsilver
Richard S. Feinsilver, Esq.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place NY 11514
516-873-6330

</div>

EXHIBIT 3



# ACKNOWLEDGEMENT OF SCHEDULING

**\*Please note, Acknowledgment of Scheduling does not guarantee coverage**

| JOB NO. | DATE | CASE NO. | CASE NAME |
|---|---|---|---|
| 6371883 | May 10, 2023 | 2242718 | Acorn Real Estate Acquisition Inc v. 2 Big Legacy LLC, et al. |

| START TIME - EDT | WITNESS(ES) | SERVICES REQUESTED |
|---|---|---|
| 12:00 PM | Christopher Flournoy | Court Reporter |
| 02:00 PM | Dexter Hull | Court Reporter |
| 04:00 PM | Darren Keys | Court Reporter |

## LOCATION(S)

**U.S. Legal Support - Remote VideoConference**
, Carle Place, NY

## NOTES

### ORDERING PARTY

**FIRM NAME**

Richard S. Feinsilver, Esq.
1 Old Country Road, Suite 347
Carle Place, NY 11530

**ATTORNEY**

Richard S. Feinsilver

**ORDERED BY**

Richard S. Feinsilver

**PLEASE NOTE:** We will confirm this assignment three business days prior to the scheduled date. Service Terms & Conditions will be deemed as acceptable unless formal notice is provided to U.S. Legal Support as per the cancellation policies below. If confirmation is not received by 5:00 p.m. the business day prior to the proceeding, we will consider the job confirmed by default and your office will be responsible for all associated fees.

**PLEASE NOTE:** All non-urgent jobs are considered covered and confirmed, unless you hear from U.S. Legal Support indicating otherwise.

**CANCELLATION POLICY:**

# ACKNOWLEDGEMENT OF SCHEDULING

**U.S. Legal Support**

*Please note, Acknowledgment of Scheduling does not guarantee coverage*

Minimum charges apply to all proceedings, including fees for nonappearances and cancellation notifications received outside of defined cancellation windows as follows:

**Court Reporter/Videographer:**

> **All services except Hearings and Trials:** 5:00 p.m. prior business day
> **Hearings/Trials:** 24 hours (one business day) prior

**Interpreter:**               24 hours (one business day) prior to scheduled proceeding.

**Conference Room:**        If we have secured a conference facility for your proceeding, the cancellation policy of reserved facility will prevail. All cancellation fees incurred by U.S. Legal Support will be invoiced to you as the scheduling party.

To review the entirety of the cancellations policies, please visit *www.uslegalsupport.com* – Service Terms & Conditions.

The party identified above is the contracting party unless agreed to in writing by the responsible party prior to the rendering of services. The party and/or firm is entirely responsible for the complete payment of fees incurred as described above (except services ordered by other counsel and/or parties).

Payment is due upon receipt of invoice. All accounts become past due after 30 days of invoice date. If U.S. Legal Support deems it necessary to pursue legal action on any and all invoices, accumulated interest, any and all court costs and/or attorney's fees may be sought. This agreement is entered into and governed by the State and County in which our office is located.

For urgent requests, please contact our Scheduling Department at 877.479.2484.

**Exhibits:** Unless requested in writing within 30 days after the proceeding, all hard copies of exhibits will be destroyed after electronic archival.

**Note:**

All original transcripts will be sent electronically unless otherwise requested.

U.S. Legal Support will retain a copy of the related audio, video or exhibits for this proceeding for 6 years.

"U.S. Legal Support operates in all 50 states and is licensed where required. Nevada Firm Registration #067F"

EXHIBIT 4

Deed Book 65927 Page 237
Filed and Recorded 07/14/2022 03 10 00 PM
2022-0247095
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 2869972434

Prepared By & Return To:
MEDLEY & ASSOCIATES, LLC
2727 PACES FERRY RD SE
BLD 2 STE 1450
ATLANTA, GA 30339
(770) 319-7592
File No. 202205004

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5

## QUITCLAIM DEED

THIS INDENTURE, made this day of 7/1//2022 between 2 BIG LEGACY LLC, a

Georgia Limited Liability Company of the County of DEKALB and State of GEORGIA,

hereinafter called "Grantor," and ACORN REAL PROPERTY ACQUISITION INC, a Georgia

Limited Liability Company of the State of New York , hereinafter collectively called "Grantee"

(the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns

where the context requires or permits).

## W I T N E S S E T H:

Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable

considerations in hand paid at and before the sealing and delivery of these presents, the receipt

whereof is hereby acknowledged, by these presents do hereby remise, convey and forever

quitclaim unto the Grantee all its interest in the following described real estate:

ALL THAT TRACT OR PARCEL OF LAND LYING IN AND BEING IN LAND LOT
15, DISTRICT 14FF, CITY OF ATLANTA, FULTON COUNTY, GEORGIA; AND BEING
MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE CONCRETE
MONUMENT MARKING THE INTERSECTION OF THE NORTHEASTERLY RIGHT OF
WAY OF MARTIN LUTHER KING JR. DRIVE (80' R/W) AND THE NORTHERLY RIGHT
OF WAY OF BOLTON ROAD (RAW VARIES), WHICH IS THE POINT OF BEGINNING;
THENCE TRAVELING ALONG THE NORTHEASTERLY RIGHT OF WAY OF MARTIN
LUTHER KING JR. DRIVE NORTH 32 DEGREES 11 MINUTES 47 SECONDS WEST A
DISTANCE OF 164.45 FEET TO A CONCRETE MONUMENT FOUND; THENCE
CONTINUING ALONG SAID RIGHT OF WAY ALONG A CURVE TO THE RIGHT WITH
AN ARC DISTANCE OF 3.84 FEET AND A RADIUS OF 3100.77 FEET, BEING
SUBTENDED BY A CHORD OF NORTH 32 DEGREES 13 MINUTES 47 SECONDS A
DISTANCE OF 3.84 FEET TO A 1/2" REBAR FOUND; THENCE LEAVING SAID RIGHT
OF WAY NORTH 81 DEGREES 31 MINUTES 33 SECONDS EAST A DISTANCE OF
271.50 FEET TO AN OPEN-TOP PIPE FOUND; THENCE RUNNING NORTH 01 DEGREES
11 MINUTES 37 SECONDS EAST A DISTANCE OF 356.89 FEET TO A 1/2" REBAR
FOUND; THENCE SOUTH 88 DEGREES 32 MINUTES 24 SECONDS WEST A DISTANCE
OF 269.20 FEET TO A 1/2" REBAR FOUND; THENCE NORTH 01 DEGREES 28 MINUTES
00 SECONDS WEST A DISTANCE OF 172.06 FEET TO A POINT; THENCE SOUTH 89
DEGREES 41 MINUTES 00 SECONDS EAST A DISTANCE OF 82.38 FEET TO AN OPEN-
TOP PIPE FOUND; THENCE SOUTH 30 DEGREES 55 MINUTES 41 SECONDS EAST A
DISTANCE OF 70.63 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 89
DEGREES 13 MINUTES 51 SECONDS EAST A DISTANCE OF 340.84 FEET TO A POINT;
THENCE SOUTH 07 DEGREES 47 MINUTES 17 SECONDS WEST A DISTANCE OF 45.93

FEET TO A POINT; THENCE SOUTH 06 DEGREES 49 MINUTES 25 SECONDS WEST A DISTANCE OF 147.88 FEET TO A CRIMPED-TOP PIPE FOUND; THENCE SOUTH 76 DEGREES 16 MINUTES 56 SECONDS EAST A DISTANCE OF 268.81 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY OF BOLTON ROAD; THENCE RUNNING ALONG THE WESTERLY AND NORTHERLY RIGHT OF WAY OF BOLTON ROAD THE FOLLOWING FIVE (5) COURSES AND DISTANCES: THENCE ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 217.74 FEET AND A RADIUS OF 762.00 FEET, BEING SUBTENDED BY A CHORD OF SOUTH 18 DEGREES 30 MINUTES 49 SECONDS WEST A DISTANCE OF 217.00 FEET TO A POINT, THENCE SOUTH 26 DEGREES 58 MINUTES 47 SECONDS WEST A DISTANCE OF 82.15 FEET TO A CONCRETE MONUMENT FOUND; THENCE NORTH 62 DEGREES 55 MINUTES 43 SECONDS WEST A DISTANCE OF 28.90 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 26 DEGREES 52 MINUTES 47 SECONDS WEST A DISTANCE OF 97 .40 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 86 DEGREES 04 MINUTES 30 SECONDS WEST A DISTANCE OF 435,09 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5

TOGETHER WITH any and all the rights, privileges, easements, improvements and

appurtenances to the same belonging.

TO HAVE AND TO HOLD the said described premises to Grantee, so that neither

Grantor nor any person or persons claiming under Grantor shall at any time, by any means or

ways, have, claim or demand any right or title to said premises or appurtenances, or any rights

thereof.

GRANTOR, BY EXECUTION OF THIS QUITCLAIM DEED, AND GRANTEE, BY ACCEPTANCE OF AND/OR FILING OF THIS QUITCLAIM DEED, HEREBY ACKNOWLEDGE THAT THIS DEED WAS PREPARED FROM INFORMATION FURNISHED BY THE PARTIES INVOLVED, AND PREPARER MAKES NO REPRESENTATION AS TO THE STATUS OF TITLE OR ACCURACY OF THE LEGAL DESCRIPTION HEREIN AND THAT NO TITLE INSURANCE IS BEING PROVIDED.

IN WITNESS WHEREOF, Grantor have signed and sealed this deed, the 11th day of

June, 2022.

2 BIG LEGACY LLC

By: _____ (SEAL)
CHRISTOPHER FLOURNOY, MEMBER

Witness

Signature Notary

Ashley M Kinnebrew
Name of Notary Typed, Stamped, or Printed
Notary Public, State of Georgia

EXHIBIT 5

Deed Book: 66122 Pg 129
Filed and Recorded Sep-09-2022 04:25pm
2022-0295397
Real Estate Transfer Tax $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5
DEED DONE TO CORRECT THE VESTING
FROM 2 BIG LEGACY LLC TO
2 BIG LEGACY LLC AND ACORN REAL
PROPERTY ACQUISITION INC

CROSS REFERENCE DEED BOOK 65927 PAGE 228

## CORRECTIVE QUITCLAIM DEED

THIS INDENTURE, made this day of ⁊/ʹ⫶ 2022 between 2 BIG LEGACY LLC, a

Georgia Limited Liability Company of the County of DEKALB and State of GEORGIA,

hereinafter called "Grantor," and 2 BIG LEGACY LLC AND ACORN REAL PROPERTY

ACQUISITION INC, a Georgia Limited Liability Company of the State of New York ,

hereinafter collectively called "Grantee" (the words "Grantor" and "Grantee" to include their

respective heirs, successors and assigns where the context requires or permits).

### W I T N E S S E T H:

Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable

considerations in hand paid at and before the sealing and delivery of these presents, the receipt

whereof is hereby acknowledged, by these presents do hereby remise, convey and forever

quitclaim unto the Grantee all its interest in the following described real estate:

ALL THAT TRACT OR PARCEL OF LAND LYING IN AND BEING IN LAND LOT 15, DISTRICT 14FF, CITY OF ATLANTA, FULTON COUNTY, GEORGIA; AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE CONCRETE MONUMENT MARKING THE INTERSECTION OF THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE (90' R/W) AND THE NORTHERLY RIGHT OF WAY OF BOLTON ROAD (RAW VARIES), WHICH IS THE POINT OF BEGINNING; THENCE TRAVELING ALONG THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE NORTH 32 DEGREES 11 MINUTES 47 SECONDS WEST A DISTANCE OF 164.45 FEET TO A CONCRETE MONUMENT FOUND; THENCE CONTINUING ALONG SAID RIGHT OF WAY ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 3.84 FEET AND A RADIUS OF 3100.77 FEET, BEING SUBTENDED BY A CHORD OF NORTH 32 DEGREES 13 MINUTES 47 SECONDS A DISTANCE OF 3.84 FEET TO A 1/2" REBAR FOUND; THENCE LEAVING SAID RIGHT OF WAY NORTH 81 DEGREES 31 MINUTES 33 SECONDS EAST A DISTANCE OF 271.50 FEET TO AN OPEN-TOP PIPE FOUND; THENCE RUNNING NORTH 01 DEGREES 11 MINUTES 37 SECONDS EAST A DISTANCE OF 356.89 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 88 DEGREES 32 MINUTES 24 SECONDS WEST A DISTANCE OF 269.20 FEET TO A 1/2" REBAR FOUND; THENCE NORTH 01 DEGREES 28 MINUTES 00 SECONDS WEST A DISTANCE OF 172.06 FEET TO A POINT; THENGE SOUTH 89 DEGREES 41 MINUTES 00 SECONDS EAST A DISTANCE OF 82.38 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 30 DEGREES 55 MINUTES 41 SECONDS EAST A DISTANCE OF 70.63 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 89 DEGREES 13 MINUTES 51 SECONDS EAST A DISTANCE OF 340.84 FEET TO A POINT; THENCE SOUTH 07 DEGREES 47 MINUTES 17 SECONDS WEST A DISTANCE OF 45.93 FEET TO A POINT; THENCE SOUTH 06 DEGREES 49 MINUTES 25 SECONDS WEST A DISTANCE OF 147.88 FEET TO A CRIMPED-TOP PIPE FOUND; THENCE SOUTH 76 DEGREES 16 MINUTES 56 SECONDS EAST A DISTANCE OF 268.81 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY OF BOLTON ROAD; THENCE RUNNING ALONG THE WESTERLY AND NORTHERLY RIGHT OF WAY OF BOLTON ROAD THE FOLLOWING FIVE (5) COURSES AND DISTANCES: THENCE ALONG A

CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 217.74 FEET AND A RADIUS OF 762.00 FEET, BEING SUBTENDED BY A CHORD OF SOUTH 18 DEGREES 30 MINUTES 49 SECONDS WEST A DISTANCE OF 217.00 FEET TO A POINT, THENCE SOUTH 25 DEGREES 58 MINUTES 47 SECONDS WEST A DISTANCE OF 82.15 FEET TO A CONCRETE MONUMENT FOUND; THENCE NORTH 62 DEGREES 55 MINUTES 43 SECONDS WEST A DISTANCE OF 29.90 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 26 DEGREES 52 MINUTES 47 SECONDS WEST A DISTANCE OF 97.40 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 86 DEGREES 04 MINUTES 30 SECONDS WEST A DISTANCE OF 435.09 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5

TOGETHER WITH any and all the rights, privileges, easements, improvements and appurtenances to the same belonging.

TO HAVE AND TO HOLD the said described premises to Grantee, so that neither Grantor nor any person or persons claiming under Grantor shall at any time, by any means or ways, have, claim or demand any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, Grantor have signed and sealed this deed, the _9_ day of _September_____, 2022.

2 BIG LEGACY LLC,

By: _____ (SEAL)
CHRISTOPHER FLOURNOY, MEMBER

Witness

Signature Notary

_____
Notary Public, State of Georgia

EXHIBIT 6

Deed Book 66273 Pg 101
Filed and Recorded Oct-31-2022 04:27pm
2022-0330591
Real Estate Transfer Tax $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

_____

## Quitclaim Deed

STATE OF GEORGIA

COUNTY OF Fulton

THIS INDENTURE, made the October 31, 2022, between 2 BIG LEGACY LLC, a Georgia corporation whose tax mailing address is 4483 Lionshead Cir, Stonecrest, GA 30038, USA, (the "Grantor"), and Christopher Flournoy and 2 BIG LEGACY, a Georgia corporation, USA, (the "Grantee") (The words "Grantor" and "Grantee" include their respective heirs, successors, and assigns where the context requires or permits).

WITNESSETH that: The Grantor, for and in consideration of the sum of $10.00 and other valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, by these presents does hereby remise, and convey, as well as quitclaim, unto the said Grantee, the below described tract or parcel of land more fully and completely described as follows:

    See Exhibit "A"

TO HAVE AND TO HOLD the said described premises to the Grantee, so that neither Grantor nor any person or persons claiming under Grantor shall at any time, by any means or ways, have, claim or demand any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed in the presence of:

_[signature]_
Signature                    2 BIG LEGACY LLC

_[signature]_                                            Per:

Witness Name                 _[signature]_
                             Christopher            _Flournoy_
                             Owner

_[signature]_
Signature

Kareem Smith
Witness Name

**Grantor Acknowledgement**

STATE OF GEORGIA

COUNTY OF Fulton

This instrument was acknowledged before me, Miisha Brown , this 31st day of
October 2022, by _____ of 2 BIG LEGACY LLC, a Georgia corporation.

Notary Public for the State of Georgia

Seal:

Deed Book 66273 Pg 103

Exhibit A

Deed Book 66273 Pg 104
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

ALL THAT TRACT OR PARCEL OF LAND LYING IN AND BEING IN LAND LOT 15, DISTRICT 14FF, CITY OF ATLANTA, FULTON COUNTY, GEORGIA; AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE CONCRETE MONUMENT MARKING THE INTERSECTION OF THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE (80' R/W) AND THE NORTHERLY RIGHT OF WAY OF BOLTON ROAD (RAW VARIES), WHICH IS THE POINT OF BEGINNING; THENCE TRAVELING ALONG THE NORTHEASTERLY RIGHT OF WAY OF MARTIN LUTHER KING JR. DRIVE NORTH 32 DEGREES 11 MINUTES 47 SECONDS WEST A DISTANCE OF 164.45 FEET TO A CONCRETE MONUMENT FOUND; THENCE CONTINUING ALONG SAID RIGHT OF WAY ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 3.84 FEET AND A RADIUS OF 3100.77 FEET, BEING SUBTENDED BY A CHORD OF NORTH 32 DEGREES 13 MINUTES 47 SECONDS A DISTANCE OF 3.84 FEET TO A 1/2" REBAR FOUND; THENCE LEAVING SAID RIGHT OF WAY NORTH 81 DEGREES 31 MINUTES 33 SECONDS EAST A DISTANCE OF 271.50 FEET TO AN OPEN-TOP PIPE FOUND; THENCE RUNNING NORTH 01 DEGREES 11 MINUTES 37 SECONDS EAST A DISTANCE OF 356.89 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 88 DEGREES 32 MINUTES 24 SECONDS WEST A DISTANCE OF 269.20 FEET TO A 1/2" REBAR FOUND; THENCE NORTH 01 DEGREES 28 MINUTES 00 SECONDS WEST A DISTANCE OF 172.06 FEET TO A POINT; THENGE SOUTH 89 DEGREES 41 MINUTES 00 SECONDS EAST A DISTANCE OF 82.38 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 30 DEGREES 55 MINUTES 41 SECONDS EAST A DISTANCE OF 70.63 FEET TO AN OPEN-TOP PIPE FOUND; THENCE SOUTH 89 DEGREES 13 MINUTES 51 SECONDS EAST A DISTANCE OF 340.84 FEET TO A POINT; THENCE SOUTH 07 DEGREES 47 MINUTES 17 SECONDS WEST A DISTANCE OF 45.93

Parcel ID: 14F0015 0004 0327

FEET TO A POINT; THENCE SOUTH 06 DEGREES 49 MINUTES 25 SECONDS WEST A DISTANCE OF 147.88 FEET TO A CRIMPED-TOP PIPE FOUND; THENCE SOUTH 76 DEGREES 16 MINUTES 56 SECONDS EAST A DISTANCE OF 268.81 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY OF BOLTON ROAD; THENCE RUNNING ALONG THE WESTERLY AND NORTHERLY RIGHT OF WAY OF BOLTON ROAD THE FOLLOWING FIVE (5) COURSES AND DISTANCES: THENCE ALONG A CURVE TO THE RIGHT WITH AN ARC DISTANCE OF 217.74 FEET AND A RADIUS OF 762.00 FEET, BEING SUBTENDED BY A CHORD OF SOUTH 18 DEGREES 30 MINUTES 49 SECONDS WEST A DISTANCE OF 217.00 FEET TO A POINT, THENCE SOUTH 26 DEGREES 58 MINUTES 47 SECONDS WEST A DISTANCE OF 82.15 FEET TO A CONCRETE MONUMENT FOUND; THENCE NORTH 62 DEGREES 55 MINUTES 43 SECONDS WEST A DISTANCE OF 28.90 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 26 DEGREES 52 MINUTES 47 SECONDS WEST A DISTANCE OF 97.40 FEET TO A 1/2" REBAR FOUND; THENCE SOUTH 86 DEGREES 04 MINUTES 30 SECONDS WEST A DISTANCE OF 435,09 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL ID : 14F-0015-0004-032-7.
AND 14F-0015-0004-047-5

EXHIBIT 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
In re:                                Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                      Chapter 11
              Debtor
-------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.    Judge Jil Mazer-Marino

              Plaintiff
                                      Adv. Proc. #:22-1098-jmm
       -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

              Defendants
-------------------------------------X


### RULE 7026 DISCLOSURES


        ACORN REAL PROPERTY ACQUISITION, INC, the Plaintiff in
this adversary proceeding, by and through its attorney, Richard
S. Feinsilver Esq., respectfully submits this as in for its
initial disclosures consistent with Rule 26 of the Federal Rules
of Civil Procedure  made applicable to this adversary proceeding
pursuant to Rule 7026 of the Federal Rules of Bankruptcy
Procedure, and states as follows:


**Names of Witnesses Likely to Have Discoverable Information**:
Christopher Flournoy as the responsible party on behalf of
Defendant and the signatory on the deeds at issue
Dexter Hull - Member of Defendant 2 Big Legacy LLC.
Darren Keys - Member of Defendant 2 Big Legacy LLC.

**<u>Documents Not Already in Defendant's Possession:</u>**

No known documents at this time.

**<u>Computation of Damages</u>**

Not applicable

Dated: Carle Place, New York
      May 1, 2023          s/Richard S. Feinsilver
                                       _____
                                       RICHARD S. FEINSILVER, ESQ
                                       Attorney for Defendant
                                       One Old Country Road, S 347
                                       Carle Place, New York 11514
                                       516-873-6330

To:
        LaKeisha Gantt, Esq.
        Proposed Counsel to Defendant
        1406 Enclave Trail
        Stockbridge GA 30228

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                             Case #: 22-42718-jmm

ACORN REAL PROPERTY ACQUISITION, INC.
                                                   Chapter 11
                        Debtor
--------------------------------------------------------X
ACORN REAL PROPERTY ACQUISITION, INC.              Judge Jil Mazer-Marino

                        Plaintiff
                                                   Adv. Proc. #:22-1098-jmm
            -against-

2 BIG LEGACY LLC
CHRISTOPHER FLOURNOY

                        Defendant
--------------------------------------------------------X

## AFFIRMATION OF SERVICE

The undersigned attorney, duly admitted to practice before this Court, affirms the following to be
true under the penalties of perjury:


1. That he is the attorney for the Plaintiff in the instant adversary proceeding.


2. That on the 15th day of March 2023, your affiant served a true copy of the Plaintiff's Motion
In Limine filed in this action upon:


Rachel Wolf, Esq., Office of the United States Trustee-EDNY
Region 2– Brooklyn Division, Alexander Hamilton Custom House
One Bowling Green, Room 510, New York, NY 10004-1408
LaKeisha Gantt Esq, 1406 Enclave Trail, Stockbridge GA 30228
2 Big Legacy LLC, 4483 Lionshead Circle, Lithonia  Georgia, 30038
2 Big Legacy LLC, 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305
2 Big Legacy LLC, c/o Curtis Hull, 5702 Reynard Trail, Lithonia, GA, 30038, USA
Christopher Flournoy, 4483 Lionshead Circle, Lithonia  Georgia, 30038
Christopher Flournoy, 2870 Peachtree Road, Suite 244, Atlanta, Georgia 30305
Chistopher Flournoy, 4011 Roswell Road NE, #3107, Atlanta-GA-30342

the address(es) designated by said attorney and party for that purpose by depositing a true copy of same to each attorney and party, VIA First Class Mail, enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the USPS within the State of New York

Dated: May 18, 2023
       Carle Place, New York                  s/Richard S. Feinsilver

                                         _____

                                         RICHARD S. FEINSILVER