**DUANE MORRIS LLP**
Lawrence J. Kotler
Drew S. McGehrin (admitted *pro hac vice*)
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Fax: (215) 979-1020
Email: LJKotler@duanemorris.com
DSMcGehrin@duanemorris.com

*Counsel to Legacy Lending LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ACORN REAL PROPERTY ACQUISITION, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 22-42718 (JMM)<br><br>Hon. Jil Mazer-Marino |
| ACORN REAL PROPERTY ACQUISITION, INC.<br>        Plaintiff,<br> v.<br><br>2 BIG LEGACY, LLC<br>        Defendant. | Adv. Pro. No. 22-01098 (JMM) |

**LIMITED OBJECTION OF LEGACY LENDING LLC TO 2 BIG LEGACY LLC'S MOTION TO RECONSIDER AND VACATE THE ENTRY OF DEFAULT ORDER AGAINST 2 BIG LEGACY, LLC**

Legacy Lending LLC ("Lender"), by and through its undersigned counsel, hereby submits this *Limited Objection* (the "Limited Objection") to 2 Big Legacy's ("2 Big") *Motion to Reconsider and Vacate the Entry of Default Order Entered Against 2 Big Legacy, LLC* [Adv.

Docket No. 54] (the "Motion to Reconsider")[1]. In support of this Limited Objection, Lender respectfully states as follows:

## PRELIMINARY STATEMENT

Lender is left with no choice but to submit this Limited Objection to the Motion to Reconsider as it is at a loss for what 2 Big seeks to accomplish. The Motion to Reconsider is styled as a request to reconsider or set aside the Default Judgment (defined herein), but contains unsupported allegations and fleeting statements relating to the Bid Procedures Order and the Sale (each as defined herein and all of which have already approved by this Court), as well as arguments relative to the venue of these proceedings. Each of the foregoing could materially impact Lender's position in this case and threaten to derail all of the work the parties and this Court have put into this case as it finally nears a successful resolution.

Lender has lost count of how many attempts 2 Big has made to delay these proceedings and thwart a successful conclusion to this case. As Lender has pled multiple times before, 2 Big, an entity who has been in default[2] of its loan obligations to Lender from day one, is <u>not</u> a creditor

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motions.

[2] On or about June 1, 2022, Lender extended a loan to 2 Big in the original principal amount of $11,900,000.00 (the "Loan"). The Loan is secured by that certain Deed to Secure Debt, Assignment of Leases and Rents, Fixture Filing, and Security Agreement, dated June 1, 2022 (the "Deed of Trust," and together with each other document relating thereto, the "Loan Documents"), given by 2 Big in favor of Lender, encumbering the Property. Lender recorded the Security Deed on June 14, 2022 in Book 65814 at Page 320 in the records of Fulton County Georgia. A true and correct copy of the Security Deed was attached as Exhibit A to Lender's *Motion To Confirm Absence Of Stay And For In Rem Relief From Automatic Stay* [Docket No. 14] previously filed with this Court. On account of the above-referenced documents and related appropriate filings, Lender holds a properly perfected security interest and a secured claim against Debtor. Following Lender's recording of the Security Deed, 2 Big failed to remit its monthly payment of $118,900.83 due on August 1, 2022 to the Lender (the "Event of Default"). In preparing to foreclose upon the Property as a result of the Event of Default, Lender discovered that 2 Big, without Lender's consent, conveyed the Property to the Debtor pursuant to a Quitclaim Deed dated July 1, 2022 and recorded July 14, 2022 in Book 65927 at Page 237 in the records of Fulton County, Georgia. The Debtor confirmed its ownership of the Property in its Schedule A/B, scheduling a fee simple ownership interest in the Property with a value of $18,000,000.00. *See* Docket No. 8, Schedule A/B at Part 9. The Debtor reconfirmed its ownership of the Property in the *Disclosure Statement* [Docket No. 44] (the "Disclosure Statement") and *Plan of Reorganization* [Docket No. 45] (the "Plan") as well. *See, e.g.,* Disclosure Statement at §§ V; Plan at § 4.1.

nor, at this point, a party in interest and, as such, should not be permitted to continue to string Lender, this Court, and these bankruptcy proceedings along for a ride that seeks no destination other than delay. Simply put 2 Big's efforts to hijack this bankruptcy case for its own pecuniary interests need to end. For these reasons, as set forth herein, the Motion to Reconsider should be denied.

## BACKGROUND

### A. The Bankruptcy Case

1. On October 31, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under of chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2. Upon information and belief, the Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to 11 U.S.C. § 1107 and 1108.

3. On May 12, 2023, the Debtor filed the *Motion Seeking An Order Pursuant To 11 U.S.C. §§ 105(A), 363, 503 And 507 Authorizing The Sale, Outside Of The Ordinary Course Of Business, Of The Debtor's Real Property Located At 3751 Martin Luther King Jr. Drive SW, Atlanta, Georgia Free And Clear Of Liens, Claims, Rights, Encumbrances And Interests With All Liens Attaching To The Proceeds Of The Sale And Other Related Relief* [Docket No. 73] (the "Initial Sale Motion") seeking approval of, *inter alia,* the sale of the Property (the "Sale"). In the Initial Sale Motion the Debtor states that "[t]he only qualified bid received by the Debtor was the Credit Bid from Lender…." *See* Initial Sale Motion at ¶ 12.

4. At the hearing to consider the Sale on June 7, 2023, however, the Debtor, through its principal, after allegedly terminating its counsel and despite the significant benefits such a

Sale would provide its estate, adjourned approval of the Sale to a date and time to be determined[3].

5. Thereafter, following settlement negotiations between Lender and the Debtor, on July 28, 2023, the Debtor filed a second bidding procedures motion [Docket No. 130] (the "<u>Renewed Bidding Procedures Motion</u>") and second sale Motion [Docket No. 131] (the "<u>Renewed Sale Motion</u>"), seeking a sale of the Property on substantially the same terms as were set forth in the Initial Sale Motion (the "<u>Bid Procedures</u>"), including with respect to Lender's Credit Bid.

6. The Court entered an order [Docket No. 140] (the "<u>Bid Procedures Order</u>") approving the relief requested in the Renewed Bidding Procedures Motion on August 28, 2023. At this point in time, this Order is now a "final order" as it has not been appealed or was not the subject of a motion for reconsideration.

7. On September 20, 2023, the Court heard the Renewed Sale Motion and granted the relief requested therein. An order memorializing the Court's findings at the September 20, 2023 hearing (the "<u>Sale Order</u>") is being prepared and it is anticipated that it will be submitted to the Court for entry imminently.

**B.  The Adversary Proceeding**

8. On December 6, 2022, the Debtor commenced an adversary proceeding by filing a complaint against 2 Big and Christopher Flournoy seeking avoidance and recovery of the interests purportedly conveyed pursuant to certain invalid deeds as preferences, fraudulent conveyances and unauthorized post-petition transfers (the "<u>Adversary Proceeding</u>").

---

[3] Ultimately, the Debtor's principal (as the Debtor was not represented by counsel) orally withdrew the Initial Sale Motion in open court.

4

9. At the trial on the Adversary Proceeding, this Court, on September 6, 2023, ruled that the invalid deeds are void and unenforceable and further found that the Debtor is the sole and absolute owner of the Property.

10. The Court entered an order [Adv. Docket No. 48] (the "Default Judgment") memorializing its findings on September 18, 2023.

11. On September 19, 2023, 2 Big filed the Motion to Reconsider[4].

12. In the Motion to Reconsider, 2 Big devotes the majority of its argument on whether the Eastern District of New York is the proper venue for these proceedings. *See, e.g.,* Motion to Reconsider at pp. 7-11. Further, on multiple occasions, 2 Big lodges fleeting and unsupported statements regarding the propriety of the Sale. *See* Motion to Reconsider at p. 4 ("Also inextricably intertwined with the preclusion and default judgment was the sale of Real Property which was the only asset of 2 Big Legacy LLC."); p. 7 ("The venue for the adversary and sale was unconstitutional.")[5].

13. Finally, only in the last few paragraphs of the Motion to Reconsider does 2 Big set forth the statutory predicates under which it seeks relief. *See, e.g.,* Motion to Reconsider at p. 16 ("Rule 60(b) grants the court power to set aside a judgment if based on mistake excusable neglect [*sic*] of a party not represented by counsel.").

---

[4] 2 Big also appealed the Default Judgment to the United States District Court for the Eastern District of New York [Adv. Docket No. 49]. The appeal is currently pending at case number 23-cv-06938 with the District Court.

[5] Of course, 2 Big conveniently ignores that it, itself, transferred its interest in and to the Property to the Debtor and that this transfer occurred while Lender was in the midst of trying to foreclose on the Property. 2 Big's efforts to defraud the Lender should not be countenanced or tolerated by this Court.

# LIMITED OBJECTION

## I. The Motion For Reconsideration Should Be Denied.

14. Lender cannot determine with any certainty what 2 Big is requesting this Court reconsider.

15. However, what is certain is that a motion for reconsideration may not be used as a second "bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration "is not a vehicle for relitigating old issues or otherwise taking a second bite at the apple.").

16. In fact, a motion to reconsider should be generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Navigators Ins. Co. v. Goyard, Inc*., 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022).

17. 2 Big has failed to allege any facts or point to any data or controlling decisions that warrant reconsideration of the Sale, the Bid Procedure Order or, to the extent applicable, the Sale Order (which has yet to be entered). Therefore, its Motion for Reconsideration must be denied.

18. 2 Big and its representatives have attended nearly every hearing conducted by this Court in this matter relative to the Bid Procedures and Sale. It cannot now cry foul after the Bid Procedures Order is a final and non-appealable order, and after the Debtor conducted an extensive sale process that included two separate bidding procedures and sale motions, two separate solicitation processes though which the Property was extensively marketed, and multiple hearings at which this Court considered and approved of the propriety of all of the foregoing.

19. Furthermore, 2 Big has been on notice since April of this year that the Property was going to be sold. It could have submitted a bid at any time. It did not.

20. 2 Big could have also paid off the Lender (or purchased the Lender's claim) at any point in time during this entire bankruptcy case. It did not.

21. Moreover, to the extent 2 Big is attempting to somehow unwind the Sale or vacate the Bid Procedures Order (which is a final order) and/or, to the extent applicable, the Sale Order (which has not even been entered), its Motion to Reconsider is fatally flawed and must be denied as a matter of law as it is procedurally deficient.

22. First, the Bidding Procedures Order is now a final and non-appealable order that 2 Big chose not to appeal. A motion to reconsider "may not be used as 'a substitute for appealing a final judgment.'" *In re R. Brown & Sons, Inc.*, No. 13-10449, 2013 Bankr. LEXIS 3447, at *7 (Bankr. D. Vt. Aug. 23, 2013) (citing *Anwar v. Fairfield Greenwich, Ltd.*, 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) (citations omitted)).

23. Second, the Sale Order has yet to be entered so, at this point in time, there is nothing to reconsider.

24. Even if these facts were not true (which they are), the Motion to Reconsider fails on a substantive basis because it does not contain or assert any exceptional circumstances that are necessary to reconsider the Sale, the Bid Procedure Order or, to the extent applicable, the Sale Order. As the Second Circuit has opined, "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *In re Taub*, 421 B.R. 37, 42 (Bankr. E.D.N.Y. 2009) (finding same); *In re Waugh*, 367 B.R. 361, 366 (Bankr. E.D.N.Y. 2007) ("'Motions under Rule 60(b) . . . are

generally granted only upon a showing of exceptional circumstances'") (quoting *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)).

25. Here, 2 Big devotes the majority of the Motion to Reconsider to litigate the venue of these proceedings (again, without any motion and ignoring the fact that this case is nearly a year old and there have been numerous hearings before the Court in this case) instead of establishing any exceptional circumstances relating to the Bid Procedures Order, the Sale Order or the Sale. This failure alone is sufficient to deny the relief requested in the Motion to Reconsider.

26. 2 Big cites Bankruptcy Rule 60(b) in support of its requests. Bankruptcy Rule 60(b) is strictly applied, following the tenet that "[a] court's final judgment should not 'be lightly reopened.'" *Herschaft v. New York City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 286 (E.D.N.Y. 2001) (quoting *Nemaizer*, 793 F.2d at 61).

27. Bankruptcy Rule 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief. 2 Big does not state which of the grounds for reconsideration it is relying upon but alludes to the possibility of proceeding under Rule 60(b)(1).

28. Rule 60(b)(1) provides, in part, "the court may relieve a party ... from final judgment, order or proceeding for ... mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).

29. Notably, though, Rule 60(b)(1) "will not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *In re Adelphia Communs. Corp.*, 639 B.R. 657, 662 (Bankr. S.D.N.Y. 2022) (citing *Francis v. Culley*, 2021 U.S. Dist. LEXIS 156084, at *35 (E.D.N.Y. July 20, 2021) (internal citations and quotations omitted)).

30. As noted above, the Bid Procedures Order, the Sale Order and the Sale each have been strenuously and repeatedly analyzed, solicited and ultimately approved by this Court. 2 Big has had multiple opportunities to make, and on many occasions has made, its position known to this Court and all other parties in interest.

31. Therefore, given the abovementioned facts, together with finality of the Bid Procedures Order and this Court's approval of the Sale and Renewed Sale Motion, 2 Big cannot now seek to take a "second bite" at any of the foregoing issues. As such, to the extent 2 Big somehow seeks reconsideration of any of the foregoing, the Motion to Reconsider should be denied.

## **RESERVATION OF RIGHTS**

32. Lender expressly reserves and preserves all rights and remedies available to it under the Deed of Trust and applicable law, as well as its right to assert additional objections to the Motion for Reconsideration.

## CONCLUSION

**WHEREFORE**, Lender respectfully requests that this Court deny 2 Big's Motion for Reconsideration and grant Lender such other and further relief as this Court deems just and proper.

Dated: September 27, 2023                      **DUANE MORRIS LLP**

                                                            */s/ Lawrence J. Kotler*
                                                            Lawrence J. Kotler
                                                            Drew S. McGehrin (admitted *pro hac vice*)
                                                            30 S. 17th Street
                                                            Philadelphia, PA 19103
                                                            Telephone: (215) 979-1000
                                                            Fax: (215) 979-1020
                                                            Email: LJKotler@duanemorris.com
                                                            DSMcGehrin@duanemorris.com

                                                            *Counsel to Legacy Lending LLC*